UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| *Plaintiff*, | § § | |
| v. | § | EP-20-CR-00389-DCG |
| PATRICK WOOD CRUSIUS, | § § § | |
| *Defendant*. | § § | |

## ORDER APPOINTING COUNSEL

On February 6, 2020, Defendant Patrick Wood Crusius ("Defendant") was charged with a ninety (90) count indictment. ECF No. 1. In Defendant's indictment, counts 23-44 (Use of a Firearm to Commit Murder During and in Relation to a Crime of Violence) carry a possible penalty of death. 18 U.S.C. § 924(c), and § 924(j)(1). Under 18 U.S.C. § 3005, a defendant charged with a capital crime who requests counsel is entitled to the assignment of two such counsel, at least one of whom shall be learned in the law applicable to capital cases.[1] In assigning counsel under this statute, the Court is to consider the recommendation of the Federal Public Defender. 18 U.S.C. § 3005; *United States v. Fields*, 483 F.3d 313, 347 (5th Cir. 2007).

The Court concludes that Defendant qualifies for appointed counsel under 18 U.S.C. § 3005. After consulting with the Federal Public Defender and placing significant weight on her recommendation, the Court appoints: (1) Mr. David Lane, of Killmer, Lane & Newman, LLP,

---

[1] While the Government has yet to notify the Court of whether it will seek to impose the death penalty as punishment, 18 U.S.C. § 3593, the appointment of counsel under 18 U.S.C. § 3005 comes "into play . . . after the Government [has] charged [the defendant] with a capital offense." *United States v. Fields*, 483 F.3d 313, 347 (5th Cir. 2007); *see also In re Sterling-Suarez*, 306 F.3d 1170, 1171 (1st Cir. 2002) (holding that courts should appoint learned counsel "reasonably soon after the indictment and prior to the time that submissions are made to persuade the Attorney General not to seek the death penalty."); *United States v. Cordova*, 806 F.3d 1085, 1101 (D.C. Cir. 2015) ("Even among courts that disagree as to whether [learned counsel] is required after the government announces that it will not seek the death penalty, there is agreement that 'prompt' means promptly after indictment, and not later.").

located at The Odd Fellows Hall, 1543 Champa Street, Suite 400, Denver, CO 80202; and (2) Ms. Rebecca L. Hudsmith, Federal Public Defender for the Middle and Western Districts of Louisiana, and her office, as learned counsel for Defendant.

Mr. David Lane was provisionally appointed federal counsel for Defendant before his indictment. Mr. Lane has extensive experience in death penalty cases, representing capital defendants in both state and federal, trial and appellate courts all over the country for over thirty years. Further, he has been appointed as qualified learned counsel by several U.S. District Courts on federal death penalty cases at trial, on appeal, and on post-conviction. Mr. Lane has also taught courses on Professional Responsibility, Trial Advocacy, and Death Penalty Jurisprudence at the University of Colorado Law School, and courses on the Death Penalty and First Amendment at the University of Denver School of Law.

Ms. Rebecca L. Hudsmith is the Federal Public Defender for the Middle and Western Districts of Louisiana. She was previously provisionally appointed as Defendant's federal counsel before he was indicted. She has substantial experience working federal death penalty prosecutions, having represented five defendants in the federal pre-authorization process and representing one of them through trial as lead counsel. Ms. Hudsmith has offered to use the staff and resources of her office in Defendant's case. She has obtained supplemental funds from the Defender Services Committee in her capital cases and has gotten approval of a mega-case budget, all of which she oversaw and managed as head of her office. The appointment of Ms. Rebecca Hudsmith and her office will prove to be immensely helpful in maximizing cost-effectiveness in Defendant's case. Further, Ms. Hudsmith has extensive work experience in preparing attorney's fees and expense budgets and a strong working relationship with the Fifth Circuit's CJA Case Budgeting Attorney, Ms. Margaret Alverson.

Accordingly, **IT IS ORDERED** that, pursuant to 18 U.S.C. § 3005, Mr. David Lane and Ms. Rebecca L. Hudsmith, are **HEREBY APPOINTED** as learned counsel for Defendant Patrick Wood Crusius.

**IT IS FURTHER ORDERED** that Mr. David Lane **SHALL** be compensated at the maximum rate for death penalty cases in the Western District of Texas, which as of February 11, 2020, is $195 per hour.

**IT IS FINALLY ORDERED** that, pursuant to section 640.10 of the Guide to Judiciary Policy, Volume 7A, "[a]ll capital cases shall be budgeted with the assistance of case-budgeting attorneys and/or resource counsel where appropriate," therefore, appointed learned counsel **SHALL JOINTLY** submit a budget for attorney fees and expenses that will be incurred in representing Defendant Patrick Crusius through the **PRE-AUTHORIZATION PHASE** of this matter. The budget **SHALL** be submitted *ex parte*, **ten (10) days from the date that third counsel is appointed.** Counsel **SHALL** consult with Ms. Margaret Alverson, the Fifth Circuit CJA Case Budgeting Attorney, who may be reached at (504) 310-7799 or by email at Margaret_Alverson@ca5.uscourts.gov.[2]

So ORDERED and SIGNED this 11th day of February 2020.

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

---

[2] While there is no statutory maximum amount for attorneys' fees in a capital case, counsel are advised that, pursuant to the Judicial Council of the Fifth Circuit's Special Procedures for Reviewing Attorney Compensation Requests in Death Penalty Cases, any request for compensation in excess of $100,000 at the district court level is considered to be presumptively excessive. This language applies to requests for attorney compensation, but not to requests for reimbursement of out-of-pocket expenditures or expert fees. If the total fees submitted by counsel reach or exceed $100,000, the reimbursement of fees in excess of that amount must be justified by the requesting attorney in a written submission filed with the presiding judicial officer in the district court.