IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. EP-20-CR-00389-DCG |
| | § | |
| PATRICK WOOD CRUSIUS | § | |
| | § | |

## ORDER

Before the Court is a "Motion to Prevent Defendant from Appearing in Court Shackled and in Jail Clothing," filed by Defendant Patrick Wood Crusius. (ECF No. 12). Through this motion, Defendant seeks a court order "to preclude [Defendant] from being paraded in public and compelled to appear in court in jail clothes and restrained in shackles, handcuffs, manacles, leg irons, stun belts, and similar restraints (collectively referred to . . . as 'shackles')." *Id.* The Government opposes this motion on the basis of "legitimate public safety and security issues . . . given the nature of the alleged offenses with which the Defendant is charged." (ECF No. 17). As this motion was filed on the eve of Defendant's initial appearance before the undersigned, the Court construes the motion to be limited to hearings before the undersigned and so limits the instant Order.

The Fifth Circuit has stated that:

> We begin with the threshold premise that an accused is presumed innocent and, as such, is entitled to all of the trappings of innocence during trial. *United States v. Theriault*, 531 F.2d 281 (5th Cir.), *cert. denied*, 429 U.S. 898 (1976). For example, the state may not compel an accused to appear *before the jury* in prison garb. *Estelle v. Williams*, 425 U.S. 510 (1976). The Supreme Court also has instructed that certain practices, such as shackling, pose a threat to the *fact-finding* process and are to be closely scrutinized. *Holbrook v. Flynn*, 475 U.S. 560 (1986).

1

*United States v. Nicholson*, 846 F.2d 277, 279 (5th Cir. 1988) (emphasis added).

However, the Court has the "obligation to protect the court and its processes, and to attend to the safety and security of those in the courtroom." *Id.* (citing *Holbrook*, 475 U.S. 560; *Illinois v. Allen*, 397 U.S. 337 (1970)). "This balancing of competing interests is entrusted to the sound discretion of the trial court." *Id.* (citing *Mays v. Estelle*, 610 F.2d 296 (5th Cir. 1980); *Theriault*, 531 F.2d 281). Although the law forbids the "routine use of visible shackles during the guilt phase," except under "extreme and exceptional cases" involving security and peace in the tribunal, the English authorities on this rule, which traditionally has been followed by American courts, "recognized that the rule did not apply at 'the time of arraignment,' or like proceedings before the judge." *Deck v. Missouri*, 544 U.S. 622, 626 (2005). Certainly, a review of the relevant case law shows an overwhelming focus on visible shackling in front of a jury.

Defendant in this case has been charged by indictment with ninety counts of extremely violent offenses, including forty-five counts of a hate crime. *See* (ECF No. 1). The Court anticipates that the courtroom will be crowded. Accordingly, in accordance with its obligation to ensure the security and order of the courtroom and within the discretion afforded to it, the Court finds it appropriate that Defendant be restrained at his initial appearance and any other pretrial hearing before the undersigned, using the customary restraints used by the United States Marshals under the circumstances.[1]

As for Defendant's request to appear in clothing other than his jail attire, finding no opposition from the government nor persuasive authority to deny such a request in this instance,

---

[1] The Court notes that the District Court has already granted, on the basis that such procedures are already in place, Defendant's unopposed "Motion to Require Private Transportation to and from the Courtroom and to Preclude the Government from Exposing Mr. Crusius to Public View During Transportation" (ECF No. 13). (ECF No. 19). Accordingly, to the extent Defendant's argument in the instant motion relies on exposure to the public during transportation, the Court deems such concerns moot.

2

the Court will allow Defendant to appear in suitable clothing other than jail attire if it is made available to him by someone on his behalf. The Court, however, reserves the right to enforce an appropriate courtroom dress code to preserve the respect and order befitting these judicial proceedings. Accordingly,

**IT IS ORDERED** that Defendant's "Motion to Prevent Defendant from Appearing in Court Shackled and in Jail Clothing" (ECF No. 12) is **DENIED IN PART** and **GRANTED IN PART**. It is **DENIED** as to Defendant's request to appear at pretrial hearings before the undersigned without appropriate restraints. It is **GRANTED** as to Defendant's request to appear at pretrial hearings before the undersigned in suitable clothing other than his jail attire if it is made available to him by someone on his behalf.

**SIGNED** and **ENTERED** this 12th day of February, 2020.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE

3