# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CRIMINAL NO. EP-20-CR-0389-DCG |
| v. | § | |
| | § | |
| PATRICK WOOD CRUSIUS, | § | |
| | § | |
| Defendant. | § | |

## GOVERNMENT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER GOVERNING DISCOVERY

The United States of America, by and through the United States Attorney for the Western District of Texas, respectfully moves this Court to enter the attached proposed Protective Order Governing Discovery. This motion is unopposed.

**I.  Background**

On February 6, 2020, a federal grand jury sitting in the Western District of Texas, El Paso Division returned a ninety count indictment in the above-captioned case charging Patrick Wood Crusius with twenty-two death-resulting hate crime offenses, twenty-three additional hate crime offenses involving an attempt to kill, and forty-five related firearm offenses. Twenty-two of these firearm offenses carry a potential death sentence. These charges arise from an August 3, 2019 mass shooting at a Walmart located in El Paso, Texas.

As reflected in the Indictment, the shooting killed twenty-two people and injured several more. Given the time and location of the incident, there were hundreds of witnesses to the shooting. Hundreds of local, state, and federal law enforcement officers and first responders played a role in responding to the attack and its aftermath. Those entities amassed a tremendous amount of

material that the prosecution team will share with the Defendant and his counsel.

The investigation into the mass shooting on August 3, 2019 has progressed on dual federal and state tracks since its inception. On September 12, 2019, a Grand Jury for the County of El Paso, State of Texas returned a one count indictment charging Patrick Wood Crusius with capital murder of multiple persons for allegedly executing the August 3, 2019 mass shooting and announced that it would seek the death penalty.

## II. Legal Authority

The United States of America, hereinafter referred to as the Government, by way of this motion, and pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. §§ 3771(a)(1) and (8), seeks to limit the dissemination of discovery in this case. "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d). Protective Orders have been applied and enforced in various cases for multiple reasons. "The trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *United States v. Carriles*, 654 F. Supp. 2d 557, 566 (W.D. Tex. 2009) *citing Alderman v. United States,* 394 U.S. 165, 185, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969) (citing prior version of FED.R.CRIM.P. 16(d)); *see also Bittaker v. Woodford,* 331 F.3d 715, 726 (9th Cir.2003) ("The power of courts ... to delimit how parties may use information obtained through the court's power of compulsion is of long standing and well-accepted.").

The proposed protective order would serve important interests. First, it would protect the privacy interests of, among others, family members of the deceased, surviving shooting victims, and eyewitnesses to the incident. Second, the proposed protective order would ensure that both the Defendant and the Government, receive a fair trial. The proposed protective order would also allow

the parties to share and discuss discovery with the prosecution and defense teams working on the parallel state case arising from the same events.

Discovery in this case is voluminous. It comes in various formats, and includes sensitive, graphic, and private material. Many of the discovery materials and documents include personally identifiable information (PII) such as Social Security numbers, dates of birth, addresses, financial account numbers, and other personal identifiers. Included in the discovery are crime scene photos, as well as law enforcement sensitive materials.

Further, the Federal Bureau of Investigation (FBI) has cooperated with state authorities to the maximum extent possible, in part by disclosing all FBI investigative reports to the El Paso Police Department as close in time to their finalization as practicable. The FBI continues to provide disclosure of its un-redacted documents and reports to the El Paso Police Department as quickly as possible so that state authorities may comply with their discovery obligations in the pending capital murder case.

### A. The Court Has the Authority to Limit Discovery in Order to Protect the Dignity and Privacy of the Victims, Witnesses, and their Family Members

A crime victim has the right to be reasonably protected from the accused and the right to be treated with fairness and with respect for the victim's dignity and privacy. 18 U.S.C. § 3771 (a)(1), (8)  Protecting the identity of persons cooperating with the Government is a proper purpose of a protective order. *United States v. Pelton*, 578 F.2d 701, 707 (8th Cir. 1978) Multiple family members of the deceased, victims, and lay witnesses exist in this case. The court should seek to ensure that disclosure of discovery materials to a defendant "involve[s] a minimum hazard to others." *Alderman,* 394 U.S. at 185, 89 S.Ct. 961 (1969).

As previously noted, the shooting killed twenty-two people and injured several more. The use of protective orders to prevent disclosure of private medical information is also clearly established. *See Bittaker,* 331 F.3d at 716 ("Courts could not function effectively in cases involving sensitive information—trade secrets, *medical files* and minors, among many others—if they lacked the power to limit the use parties could make of sensitive information obtained from the opposing party by invoking the court's authority."); *see also United States v. W.R. Grace,* 401 F.Supp.2d 1093, 1096 (D.Mont.2005) ("The only issue with regard to these [medical] records is whether the victim witnesses' privacy rights require the Court to place restrictions on the production in the form of redaction of sensitive materials, issuance of a protective order, or both."). *Carriles*, 654 F. Supp. 2d at 568 (W.D. Tex. 2009)

Accordingly, the interests of justice weigh heavily against public disclosure at this stage of the proceedings. See, *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("The privacy interests of third parties ... should weigh heavily in a court's balancing equation.").

### B. The Proposed Protective Order Would Ensure a Fair Trial

Discovery, whether in a civil or criminal case, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986). Although some documents or recordings may be introduced at trial, at this point in the proceedings, it is unclear which will be entered into evidence, or even if there is an evidentiary foundation sufficient for their introduction.

The Government submits the proposed protective order would restrict premature public dissemination of discovery materials not yet submitted into evidence. Risk exists that disclosure of some discovery material could taint a trial. "Trial courts have an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity.... The beneficiaries of this duty include not

only the defendant in a given trial.... The vigilance of trial courts against the prejudicial effects of pretrial publicity also protects the interest of the public and the state in the fair administration of criminal justice." *United States v. Carriles,* 654 F. Supp. 2d 557, 568 (W.D. Tex. 2009) *citing United States v. Brown,* 218 F.3d 415, 423–24 (5th Cir.2000)

### C. The Proposed Protective Order Would Ensure that Sensitive Information is Treated Properly by Both Federal and State Parties

As previously stated, in addition to the federal prosecution, the Defendant faces a state capital murder charge which also addresses the August 3, 2019 Walmart shooting. While the Government must abide by discovery obligations under Fed. R. Crim. P. 16, the state prosecution must meet discovery obligations under Tex. Code Crim. Proc. art. 39.14. Thus, each separate prosecution office discloses discovery differently with its respective statutory rule guiding the manner of production to defense. The proposed protective order would allow the appropriate parties to share and discuss discovery across the federal and state prosecution and defense teams, while ensuring that the more permissive state discovery regulations do not negatively impact the victims and witnesses, or the federal proceeding.

The District Attorney's Office has, in fact, provided materials to the state defense team. Those materials have not been redacted in the same manner as the federal government would redact materials it shares with federal defense counsel. Though the state has provided materials without redaction, the state production is protected by the Texas Code of Criminal Procedure, which, among other things, restricts disclosure of discovery to a third party unless a court, having considered the privacy and security interests of victims and witnesses, determines that there is good cause for the disclosure. Tex. Code Crim. Proc. art. 39.14(e)(1) Additionally, Texas state

rules of criminal procedure place an obligation on defense counsel to redact PII before sharing discovery with the defendant or a witness. Tex. Code Crim. Proc. art. 39.14(f)

The District Attorney's Office has also provided a copy of the discovery produced to the state defense team to the federal prosecution team on a self-contained storage device. This device has not been commingled with the discovery collected by the federal prosecution team.

For the sake of transparency, the federal prosecution expects to produce the discovery provided by the state prosecution to the federal defense. In keeping with state law, the proposed protective order would ensure that the state discovery to be provided to the federal defense counsel by the federal prosecution will be protected in a similar manner as the un-redacted state production is protected by state law.

### III.     Consultation with Defense Counsel

The undersigned has spoken with David A. Lane, Attorney for Patrick Wood Crusius, who has indicated that he is not opposed to this motion and proposed protective order.

## IV. Conclusion

The Government submits good cause exists to enter a protective order such as the one proposed and respectfully requests the Court grant its motion pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8).

        Respectfully submitted,

        John F. Bash
        United States Attorney

By:   */s/ Ian Martinez Hanna*
        Ian Martinez Hanna
        Assistant United States Attorney
        Texas Bar #24057885
        700 East San Antonio, Suite 200
        El Paso, Texas 79901
        (915) 534-6884 (phone)
        IHanna@usa.doj.gov

## Certificate of Service

I hereby certify that on February 12, 2020, a copy of the forgoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

David A. Lane, Attorney for Defendant
dlane@kln-law.com

Rebecca L. Hudsmith, Attorney for Defendant
rebecca_hudsmith@fd.org

        */s/ Ian Martinez Hanna*
        Ian Martinez Hanna
        Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CRIMINAL NO. EP-20-CR-0389-DCG** |
| v. | § | |
| | § | |
| **PATRICK WOOD CRUSIUS,** | § | |
| | § | |
| **Defendant.** | § | |

## PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the motion of the Government, and for good cause shown, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. This Protective Order governs all discovery material in any format (written or electronic) that is produced by the Government in discovery in the above captioned case.

2. Discovery in this case is voluminous and many of these materials and documents include personally identifiable information (PII) such as Social Security numbers, dates of birth, addresses, financial account numbers, and other personal identifiers. Included in the discovery are crime scene photos, as well as law enforcement sensitive materials.

3. Disclosure of discovery material will be restricted to the state prosecution team, the federal defense team and the state defense team ("authorized persons") with the limited exceptions discussed below. "State prosecution team" shall be limited to employees of the 34th Judicial District, District Attorney's Office and any experts retained by same. "Defense team" shall be limited to criminal attorneys of record for the Defendant and any of the following people working on this matter under the supervision of the criminal attorneys of record: attorneys, investigators, paralegals, law clerks, testifying and consulting experts, and legal assistants. For purposes of this

Order, "defense team" does not include the Defendant. Members of the defense team shall not disclose discovery materials or their contents, directly or indirectly, to any persons outside of the defense team, except as specifically set forth below.

4. The state prosecution team shall inform any one of the state criminal defense attorneys of record to whom disclosure of discovery material obtained from the United States Attorney's Office – El Paso Division is made of the existence and terms of this Protective Order and obtain a signed acknowledgement.

5. Defendant's attorneys shall inform any member of the defense team to whom disclosure of discovery material is made of the existence and terms of this Protective Order and obtain a signed acknowledgment by the defense team member.

6. Defendant's attorneys shall not disclose the state discovery to a third party unless this court, having considered the privacy and security interests of victims and witnesses, determines that there is good cause for the disclosure. If this court grants disclosure of the state discovery, the defense team shall redact personally identifiable information (PII) before sharing the state discovery with the Defendant or a witness.

7. Members of the defense team shall retain custody of all copies of the discovery material, except as discussed below with regard to Defendant review. Members of the defense team shall use discovery material only for the purpose of preparing a defense to the charges in this action. Members of the defense team may review the discovery material with Defendant and witnesses for purposes of trial preparation, provided that witnesses may review the material only in the presence of a member of the defense team and may not take notes regarding the content of the discovery material. These restrictions, however, do not apply to expert witnesses who may need to independently review and retain some discovery in order to do their jobs. In the event that

an expert witness needs to retain discovery documents as part of his or her preparation, said expert must sign a confidentiality agreement making them subject to the authority of this Court if they violate it. At the conclusion of their expert role in the case, all such material must be returned to defense counsel.

8. Defense counsel may provide discovery to Defendant, subject to the following conditions:

   a) Defendant shall use discovery material only for the purpose of assisting the defense team with preparing a defense to the charges in this action;

   b) Defendant may not provide copies of the discovery material to any third parties and may only review the discovery material either alone or in the presence of the defense team;

   c) Defendant shall only be permitted to review his copy of the discovery material in the courthouse itself, or facilities approved by the detention center detained at for this purpose, on detention center-approved computers, or in hard copies maintained by the detention center staff while not in use by the Defendant; and

   d) Defendant shall not be permitted to maintain a copy of the discovery material, or any notes made while reviewing that material, in his cell.

9. To the extent any material is produced by the Government to Defendant or Defendant's counsel by mistake, the Government shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, the defense team shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

10. Any discovery material that the defense team files with the Court in connection with pre-trial motions, trial, or other matters before the Court, shall be filed under seal and shall remain sealed until otherwise ordered by the Court.

11. This Protective Order may be modified, as necessary, by filing with the Court a Stipulated Order Modifying the Protective Order or by order of the Court after service of the defense motion upon the Government and hearing with the court. After obtaining a modified order from the Court, any discovery material the defense team files with any Court or tribunal in connection with post-conviction matters, or any matters before any Court or tribunal, shall be filed under seal and shall remain sealed until otherwise ordered by the Court.

Signed this _____ day of February, 2020.

_____
HONORABLE DAVID GUADERRAMA
UNITED STATES DISTRICT COURT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § § | |
| **Plaintiff,** | § § | **CRIMINAL NO. EP-20-CR-0389-DCG** |
| **v.** | § § | |
| **PATRICK WOOD CRUSIUS,** | § § | |
| **Defendant.** | § | |

## Acknowledgement of Protective Order

I certify that I have been notified of the existence and terms of the document entitled "Protective Order Governing Discovery" in the above titled and numbered case. I further certify that I understand the terms placed on the discovery in this case as detailed in the Protective Order.

Signed this _____ day of _____, 20\_\_\_\_.

_____
Signature

_____
Printed Name

_____
Employer

_____
Employment Title