UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| *Plaintiff,* | § § | |
| v. | § § | EP-20-CR-00389-DCG |
| PATRICK WOOD CRUSIUS, | § § | |
| *Defendant.* | § § | |

### ORDER

On this day, the Court *sua sponte* considered the above-captioned case. On February 28, 2020, the Court set this case for a status hearing on Monday, March 2, 2020, at 3:00 p.m. for the purposes of addressing the parties' concerns on the Court's January 6, 2020 protective order, attached at the end of this order, covering Defendant Patrick Crusius's pre-trial jail visitor logs and correspondence. ECF No. 54. In communications with the Court, the parties have advised the Court that they have agreed to a revised protective order that would best serve the interests of the parties. Upon the motion of the parties, and for good cause shown, the Court issues the following orders:

**IT IS ORDERED** that the status hearing initially set for Monday, March 2, 2020, at 3:00 p.m., *see* "Order Setting Status Hearing" (ECF No. 54), is **HEREBY VACATED.**

**IT IS FURTHER ORDERED** that the seal imposed by this Court on the "Order Granting Defendant's Motion for Protective Order" is **REMOVED.**

**IT IS FURTHER ORDERED** that the Court's "Order Granting Defendant's Motion for Protective Order" issued on January 6, 2020, is **VACATED.**

-2-

**IT IS FURTHER ORDERED** that, pursuant to the parties' agreement:

1. Any logs or documents maintained at the El Paso County Jail regarding visitation with Defendant Patrick Crusius and his defense team must be maintained by jail personnel in a private place and may not be accessed, collected, discussed with or viewed by any members of the public including any law enforcement officers or prosecutors from either the State of Texas or the United States, absent further Order of this Court.

2. "Defense Team" is defined as any persons working under the supervision and guidance of any court-appointed counsel by either this Court or any State Court, to represent Patrick Crusius. This includes but is not limited to attorneys, investigators, and professionals in different fields of expertise such as psychologists, doctors, social workers and other professionals who would likely be deemed "experts" in court. "Defense Team" does not include 'civilian' lay people who are friends or family members of Patrick Crusius or other non-professional persons who are seeking to visit or correspond with Mr. Crusius without supervision or authorization of either defense team.

3. Neither the Sheriff nor the United States Marshall shall permit any person to visit Patrick Crusius without first obtaining permission from court appointed counsel either from the State or Federal Defense Team. A list of approved visitors will be maintained at the jail.

4. Any such 'civilians' who are necessary as witnesses in the judgment of either defense team and who need to visit Mr. Crusius in a non-monitored, confidential setting, must first be approved by either the State or Federal court in an ex parte sealed Motion for

Confidential Visit, outlining for the Court who the person is, and why this person's visit is necessary and should be confidential. If the Court grants the motion, an ex parte sealed Order to seal those particular visits will be issued by either the State or Federal court.

5. Logs regarding visitation between the Defendant and his defense team may be viewed by members of the state and federal defense teams representing the Defendant.

6. Logs or documents maintained at the El Paso County Jail regarding visitation between the Defendant and individuals other than his defense team may be maintained in the normal fashion as determined by officials from the United States Marshals Service and the El Paso County Sheriff's Office.

7. Both the United States and the 34th Judicial District Attorney's Office may access, collect, discuss, and otherwise view the contents of logs regarding visitation between the Defendant and individuals other than his defense team.

8. The United States and the 34th Judicial District Attorney's Office as well as any other persons not affiliated with the defense teams, are prohibited from copying or reviewing, either directly or indirectly, the Defendant's written correspondence to either his State or Federal Defense teams while he is incarcerated during the pendency of this case.

9. The United States and the 34th Judicial District Attorney's Office may monitor, copy, and otherwise review, either directly or indirectly, the Defendant's communications, both telephonic and written, that are non-privileged and made to parties other than his State and Federal Defense teams.

10. Nothing shall prohibit Sheriff Wiles or the Sheriff's Office from consulting with their legal counsel in the El Paso County Attorney's Office regarding matters pertaining to this Order or the January 6, 2020 Protective Order. Sheriff Wiles and the Sheriff's Office shall not be prohibited from disclosing information or documents covered by the Protective Order to their legal counsel when seeking legal advice as to how to properly comply with the Protective Order.

11. Sheriff Wiles and the Sheriff's Office shall be prohibited from divulging or discussing information or documents covered by the Protective Order when sought in accordance with Texas, or any other, laws. If a request for records covered by the January 6, 2020 order would normally require a submission of responsive documents to the Texas Attorney General under Texas Government Code, section 552.301(e), Sheriff Wiles, the Sheriff's Office and their legal counsel, are prohibited from sending the responsive documents to the Texas Attorney General, but must instead send a copy of this order and the January 6, 2020 order to the Texas Attorney General.

**IT IS FURTHER ORDERED** that the contents of this Order may be shared with any relevant member of the United States Marshals Service; El Paso, Texas, County official; member of the United States Attorney's Office for the Western District of Texas; and member of the 34th Judicial District Attorney's office whose cooperation is necessary to implement the Court's orders as provided herein.

**IT IS FINALLY ORDERED** that today's Order shall remain in effect until further order of the Court.

So ORDERED and SIGNED this 2nd day of March 2020.

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § § | |
| PATRICK CRUSIUS, Defendant. | § § § | FILED UNDER SEAL |

FILED
2020 JAN -6 PM 3: 53

## ORDER GRANTING DEFENDANT'S
## MOTION FOR PROTECTIVE ORDER

On this day, the Court considered Defendant Patrick Crusius's [hereinafter "Defendant"] "*Ex Parte* Sealed Motion for Protective Order Sealing Jail Visitation Records and Correspondence" (ECF No. 21) [hereinafter "Motion"], filed on January 3, 2020, in the above-captioned cause. Therein, Defendant requests that the Court enter "a protective order regarding any jail visitation records and correspondence." Mot. 1. Additionally, Defendant requests that such order should require "the Commander of the El Paso County Jail to direct all personnel at the jail to not disclose such information to any government attorney or entity acting on the [G]overnment's behalf." *Id.* After due consideration, the Court is of the opinion that Defendant's Motion should be granted.

Accordingly, **IT IS ORDERED** that Defendant Patrick Crusius's "*Ex Parte* Sealed Motion for Protective Order Sealing Jail Visitation Records and Correspondence" (ECF No. 21) is **GRANTED**.

**IT IS FURTHER ORDERED** that to accommodate Defendant Patrick Crusius's request:

1. Any logs or documents maintained at the El Paso County Jail regarding visitation with Defendant Patrick Crusius must be maintained by jail personnel in a private place and may not be accessed, collected, discussed with or viewed by any members of the public including any law enforcement officers or prosecutors from either the State of Texas or the United States, absent further Order of this Court;

2. These logs may be viewed by members of the state and federal defense teams representing Defendant Patrick Crusius; and

3. The Government and any other person are prohibited from copying or reviewing, either directly or indirectly, Mr. Crusius's written correspondence to either his State or Federal Defense teams while he is incarcerated during the pendency of this case.

IT IS FURTHER ORDERED that Defendant Patrick Crusius may disclose the contents of this Order with any relevant El Paso County official whose cooperation is necessary to implement the Court's orders as provided herein. Should El Paso County officials refuse to cooperate, Defendant may ask the Court for appropriate relief, if entitled to pursuant to the laws of the United States.

Finally, **IT IS ORDERED** that today's Order shall remain in effect until further order of the Court or any Court to which the above-captioned cause may be assigned.

SIGNED this 6th day of January, 2020.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE