UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| *Plaintiff*, | § | |
| **v.** | § | **EP-20-CR-00389-DCG** |
| | § | |
| **PATRICK WOOD CRUSIUS,** | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

Presently before the Court is Defendant Patrick Wood Crusius's ("Defendant") "Motion for Order Authorizing Mr. Crusius' State Defense Attorneys to Share Discovery with Mr. Crusius' Federal Defense Team" ("Motion") (ECF No. 70), filed on May 1, 2020.  Therein, Defendant requests the Court to issue an order under subsection (e) of Article 39.14 of the Texas Code of Criminal Procedure that authorizes Defendant's state defense team to share the discovery they receive from the State of Texas with Defendant's federal defense team on an ongoing basis.  Mot. at 4.  For the reasons that follow, the Court **DENIES** Defendant's Motion.

Subsection (e) of Article 39.14 of the Texas Code of Criminal Procedure "generally prohibits 'the defendant, the attorney representing the defendant,' or the attorney's agent, from disclosing to 'third parties' any of the discovery materials covered in the statute." *Powell v. Hocker*, 516 S.W.3d 488, 496 (Tex. Crim. App. 2017) (quoting Tex. Code Crim. Proc. art 39.14(e)).  However, a court may order the disclosure of discovery materials to third parties covered in the statute "upon a showing of good cause after notice and hearing after considering the security and privacy interests of any victim or witness."  Tex. Code Crim. Proc. art 39.14(e).

Defendant argues that his state and federal defense teams are unable to effectively and efficiently compare and review the two "exceptionally voluminous" sets of discovery that the

State of Texas and the Government provided in different formats to each of their respective counterparts.  Mot. at 2, 4–5.  Defendant contends that these circumstances create a "bizarre situation" that impairs his right to effective assistance of counsel under the Sixth Amendment because, while no state or federal law prohibits the State of Texas and the Government from freely sharing discovery materials between them, Article 39.14 of the Texas Code Criminal Procedure does prohibit Defendant's state and federal defense teams from doing the same.  *Id.* at 4–5.

However, Article 39.14 is part of the Texas Code Criminal Procedure, and as such, does not govern Defendant's instant federal case because "[f]ederal criminal procedure is governed, not by state practice, but by federal statutes and decisions of the federal courts."  *United States v. Murdock*, 284 U.S. 141, 150 (1931) *overruled in part on other grounds by Murphy v. Waterfront Com'n of New York Harbor*, 378 U.S. 52 (1964) *abrogated on other grounds by United States v. Balsys*, 524 U.S. 666, 371 (1998).  In fact, one of the main purposes behind the creation of the Federal Rules of Criminal Procedure was "to abrogate any existing requirement of conformity to State procedure on any point whatsoever."  Advisory Committee's Notes on 1944 Adoption of Fed. R. Crim. P. 57(b).

To be sure, Article 39.14 of the Texas Code of Criminal Procedure contains no definition limiting which kind of "court" may issue an order authorizing the disclosure of discovery materials to third parties after the requirements in the statute are met.  Tex. Code Crim. Proc. art 39.14(e); *see also* Tex. Code Crim. Proc. art. 3.01 ("All words, phrases and terms used in this Code are to be taken and understood in their usual acceptation in common language, except where specially defined.").  But even if the Texas statute allows it to issue such an order, the Court refrains from doing so because such an order may interfere with the state trial court's

"administration of its own criminal justice system"—namely, the conduct of pretrial discovery matters of the parties before it. *Setser v. United States*, 566 U.S. 231, 241 (2012). Indeed, "the authority of States over the administration of their criminal justice systems lies at the core of their sovereign status." *Oregon v. Ice*, 555 U.S. 160, 170 (2009).

Nevertheless, the Government has already asserted that "it has no objection to the sharing of discovery between the two defense teams." Govt's Resp. in Opp. at 4, ECF No. 72. Therefore, Defendant, through and by his state defense team, may still properly request such relief from the state trial court under Article 39.14 of the Texas Code of Criminal Procedure.

Accordingly, **IT IS ORDERED** that Defendant Patrick Wood Crusius's "Motion for Order Authorizing Mr. Crusius' State Defense Attorneys to Share Discovery with Mr. Crusius' Federal Defense Team" (ECF No. 70) is **HEREBY DENIED.**

So ORDERED and SIGNED this 12th day of May 2020.

_____
**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**