UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | EP-20-CR-00389-DCG |
| v. | § | |
| | § | |
| PATRICK WOOD CRUSIUS, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER APPOINTING COUNSEL

Defendant stands accused of opening fire at a Walmart in El Paso, Texas, killing twenty-three people and seriously injuring many more. *See* Superseding Indictment, ECF No. 82. For these charges, Defendant is eligible for the death penalty. *See* 18 U.S.C. § 924(j)(1) (noting that a defendant is punishable by death when he, in the course of committing a crime of violence, causes the death of a person through the use of a firearm). Under 18 U.S.C. § 3005, a defendant charged with a capital crime who requests counsel is entitled to the assignment of two such counsel, at least one of whom shall be learned in the law applicable to capital cases.[1]

Further, under 18 U.S.C. § 3599, a defendant, who is charged with a crime which may be punishable by death and who is financially unable to obtain adequate representation, is entitled to the appointment of one or more attorneys to represent him. The statute further provides that one attorney representing a defendant in a capital case "must have been admitted to practice in the

---

[1] While the Government has yet to notify the Court of whether it will seek to impose the death penalty as punishment, 18 U.S.C. § 3593, the appointment of counsel under 18 U.S.C. § 3005 comes "into play . . . after the Government [has] charged [the defendant] with a capital offense." *United States v. Fields*, 483 F.3d 313, 347 (5th Cir. 2007); *see also In re Sterling-Suarez*, 306 F.3d 1170, 1171 (1st Cir. 2002) (holding that courts should appoint learned counsel "reasonably soon after the indictment and prior to the time that submissions are made to persuade the Attorney General not to seek the death penalty."); *United States v. Cordova*, 806 F.3d 1085, 1101 (D.C. Cir. 2015) ("Even among courts that disagree as to whether [learned counsel] is required after the government announces that it will not seek the death penalty, there is agreement that 'prompt' means promptly after indictment, and not later.").

court in which the prosecution is to be tried for not less than five years, and must have had not less than three years experience in the actual trial of felony prosecutions in that court." 18 U.S.C. § 3599(b).

After Mr. David Lane was removed as appointed learned counsel for Defendant on September 8, 2020, the Court concludes that Defendant qualifies for appointed learned counsel under 18 U.S.C. §§ 3005 and 3599. Accordingly, the Court hereby appoints Mr. Joe A. Spencer as learned counsel for Defendant. Moreover, the Court designates Mr. Spencer as lead counsel in Defendant's federal defense team.

Mr. Joe A. Spencer currently serves as Defendant's appointed counsel in the state capital case pending against him. Mr. Spencer has extensive experience in death penalty cases, representing capital defendants in both state and federal courts for over thirty years. During his 31 years of practice, Mr. Spencer has represented over 100 trial-level clients charged with capital murder or murder. None of the capital clients he has represented at the trial-level have been sentenced to death. Further, he has been appointed as qualified learned counsel by several U.S. District Courts on federal death penalty cases. He also comes highly recommended by appointed federal learned counsel and the Federal Public Defender for the Middle and Western Districts of Louisiana, Ms. Rebecca Hudsmith, by Ms. Maureen Franco, the Federal Public Defender for the Western District of Texas, and by Mr. Mark Donatelli, Ms. Julie Brain, and Mr. Anthony Haughton from the Federal Death Penalty Resource Counsel Project.

**IT IS THEREFORE ORDERED** that, pursuant to 18 U.S.C. §§ 3005 and 3599, Mr. Joe A. Spencer is **HEREBY APPOINTED** as learned counsel for Defendant Patrick Wood Crusius, substituting Mr. David Lane as lead counsel.

**IT IS FURTHER ORDERED** that Mr. Joe A. Spencer **SHALL** be compensated at the maximum rate for death penalty cases in the Western District of Texas, which as of September 9, 2020, is $195 per hour.

**So ORDERED and SIGNED this 9th day of September 2020.**

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**