# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| USA | § | Judge:  DAVID C GUADERRAMA |
| | § | |
| vs. | § | No: EP:20-CR-00389(1)-DCG |
| | § | |
| (1) Patrick Wood Crusius | § | |

## ORDER

IT IS ORDERED that the above-entitled case is set for hearing in the United States District Court in El Paso, Texas as follows:

ARRAIGNMENT:    **January 15, 2021 at 8:00 AM**
before **UNITED STATES MAGISTRATE LEON SCHYDLOWER**
Albert Armendariz, Sr. United States Courthouse,
525 Magoffin, El Paso, TX 79901,
Magistrate Hearing Room 512, 5th Floor

1ST DOCKET CALL:    **Before  UNITED STATES DISTRICT JUDGE  DAVID C GUADERRAMA**
**February 1, 2021 at 4:00 PM** _**BY ZOOM VIDEO CONFERENCE.**_
**A link for the Zoom video conference will be forwarded to you no later than twenty-four hours before the scheduled hearing.  Please join the video conference by clicking on the link, from your device, at least 15 minutes prior to the scheduled time of the hearing.**

2ND DOCKET CALL:    (If required) **March 1, 2021 at 9:30 A.M.**

(See Note Regarding the
Waiver of Personal
TRIAL:    Appearance, below.)

OTHER:

ALL ADDRESSEES on this notice (except those for information only) must appear in person unless excused from appearing by the Court. Defendants entering a plea of "Not Guilty" who wish to waive personal appearance at arraignment and their attorneys are excused from appearing if the enclosed waiver is executed and signed by both the defendant and the attorney of record, AND FILED BY 4:30 P.M. ON THE DAY PRECEDING THE SCHEDULED DAY OF ARRAIGNMENT. Take note that if the arraignment is before a United States Magistrate Judge, only a plea of "Not Guilty" may be accepted.

WHENEVER DEFENDANTS OR WITNESSES IN CRIMINAL CASES HAVE NEED FOR THE SERVICES OF THE OFFICIAL COURT INTERPRETER, THE ATTORNEY CONCERNED MUST INFORM THE DISTRICT CLERK NOT LATER THAN FIVE (5) DAYS BEFORE THE COURT APPEARANCE.

NOTE TO ATTORNEY FOR DEFENDANT: Counsel for the defendant shall notify the defendant of this setting, and if the defendant is on bond, advise the defendant to be present at this proceeding.

DATE:      22nd day of December, 2020

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| USA | § | |
| | § | |
| vs. | § | No: EP:20-CR-00389(1)-DCG |
| | § | |
| (1) Patrick Wood Crusius | § | |
| | § | |

## WAIVER OF PERSONAL APPEARANCE AT ARRAIGNMENT
## AND
## ENTRY OF PLEA OF NOT GUILTY

**COMES NOW** Defendant in the above referenced case who, along with his undersigned attorney, hereby acknowledges the following:

1)   Defendant has received a copy of the indictment or information in this case.   Defendant understands the nature and substance of the charges contained therein, the maximum penalties applicable thereto, and his/her Constitutional Rights, after being advised of all the above by his/her attorney.

2)   Defendant understands he/she has the right to appear personally with his/her attorney before a Judge for arraignment in open Court on this accusation.   Defendant further understands that, absent the present waiver, he/she will be so arraigned in open Court.

Defendant, having conferred with his/her attorney in this regard, hereby waives personal appearance with his/her attorney at the arraignment of this case and the reading of the indictment or information, and, by this instrument, tenders his/her plea of "not guilty".   The defendant understands that the entry by the Court of said plea for defendant will conclude the arraignment in this case for all purposes.

Date: _____       _____
                                                               Defendant

                                          _____
                                                        Attorney for Defendant

## ORDER

**APPROVED** by this Court.   A plea of "Not Guilty" is entered for defendant effective **this date**.

**Date:** _____       _____
                                                  **United States Magistrate Judge**

## WAIVER OF MINIMUM TIME TO TRIAL

3)    Defendant understands that he/she has a right to minimum period of time to trial so that trial shall not commence less than thirty (30) days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se.  Defendant further understands that, absent the present waiver, he/she will not be brought to trial during this thirty (30) day period..

Defendant, having conferred with his/her attorney in this regard , hereby WAIVES the requirement that trial shall not commence less than thirty (30) days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se.

Date: _____        _____
                                                             Defendant

                                        _____
                                             Attorney for Defendant

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| USA | § | |
| | § | |
| vs. | § | NO:  EP:20-CR-00389(1)-DCG |
| | § | |
| (1) Patrick Wood Crusius | § | |

### DEFENDANT'S MOTION FOR ADMINISTRATIVE SETTING
### IN LIEU OF APPEARANCE AT DOCKET CALL

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

Comes now, undersigned counsel for the Defendant, **(1) Patrick Wood Crusius**, on this day and respectfully moves the Court to grant Counsel leave to enter this appearance administratively and in lieu of appearing at the Docket Call scheduled for **Monday, February 1, 2021 at 4:00 PM**, and in support of said Motion shows the Court as follows:

_____.   1.   Counsel, **having previously requested or obtained _____Continuances**, moves for Continuance of the Docket Call because of the need for investigation, plea negotiations, and/or preparation of the defense due to complex discovery issues in the case.  Counsel further avers that the interest of justice outweighs the interest of the Defendant and the public in a speedy trial and agree that the timing from the scheduled docket calls through the next docket call, is excludable time within the meaning of the Speedy Trial Act, 18 U.S.C. §§3161 *et seq.*

_____.   2.   The Defendant moves to have the above styled and numbered cause set for a Plea Hearing and states that said Plea Hearing may be referred to the United States Magistrate. The Defendant requests the plea be set _____ ASAP, in _____ 2 weeks, in _____ 3 weeks.  **(The Plea Hearing date may NOT be scheduled after the Court's next regularly scheduled Docket Call date.)**

_____.   3.   The Defendant moves to have the above styled and numbered cause set for a Plea and Sentencing Hearing before this Court.  The Defendant understands it can only be sentenced at the time of the Plea if Defendant obtains that approval from the United States Probation Office to have a Pre-Sentence Investigation Report prepared for that date.  **The Defendant accepts the responsibility to resolve that approval and sentencing issue with the United States Probation Office.** The Defendant requests the plea be set _____ ASAP, in _____ 2 weeks, in _____ 3 weeks.

_____.   4.   The Defendant announces "Ready for Trial" and moves to have the above styled and numbered cause set for a Trial on the merits at the Court's convenience.

5.   This Motion is filed not later than <u>two (2)</u> business days prior to the scheduled Docket Call.

Respectfully submitted,

_____ (signature)


_____ (typed or printed name)
Defense Counsel for


_____ (typed or printed name)
Defendant



## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above Motion was served upon opposing counsel, UNITED STATES ATTORNEY'S OFFICE by facsimile or electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant, in accordance with the Federal Rules of Criminal Procedure on the _____ day of _____, 20_____.


_____
Defense Attorney

## COURT INSTRUCTIONS REGARDING DOCKET CALL
## HON. DAVID C. GUADERRAMA

1.  Defense counsel will be allowed to file the corresponding Motion for Administrative Setting in Lieu of Appearance at Docket Call (thereinafter "Motion") if the circumstances of the particular case meet the requirements of the Motion.  **ABSOLUTELY NO ALTERATIONS MAY BE MADE TO THE FORM MOTION.**  If the particular circumstances of the case do not meet the requirements of the Motion, or if you have a doubt thereof, **you should attend the Docket Call** and discuss the matter with the Court on the record.

2.  Those attorneys who have neither sought nor obtained a continuance on one or more prior occasions and who wish to request a continuance may do so by completing and filing the Motion and marking an "X" in the first space.  ***Attorneys who have previously obtained one or more continuances MUST attend Docket Call if a subsequent continuance will be requested, regardless of the reason, but need not attend Docket Call if a plea or trial is requested.***

3.  Those attorneys who wish to request that the Court set a case for a plea hearing or trial (whether or not a continuance has previously been requested on one or more occasions) may also complete and file the Motion and mark an "X" in the appropriate space.  ***Attorneys may not request that the Plea Hearing be scheduled after the Docket Call following the Docket Call to which the filed Motion applies.***  Trials will be set within the Speedy Trial deadline unless the defendant has executed a Waiver of Speedy Trial.

4.  You may attend Docket Call *even if you are eligible* to file the Motion.  You are never precluded from attending the Docket Call.

5.  The corresponding Motion **MUST** be filed no later than two (2) business days (exclusive of federal holidays) prior to the scheduled Docket Call.

6.  Any Motion filed pursuant to these instructions requires only the signature of the defense attorney, but service of the Motion upon the United States Attorney is required.

7.  File a single Motion for each case.  DO NOT file a single Motion with more than one cause number.  If you are scheduled to appear at Docket Call on several cases and are eligible to file Motion in each case, you MUST file one Motion per case.

8.  Questions about this process may be directed by attorneys to the Courtroom Deputy at (915) 834-0509.

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| *Plaintiff* | § | |
| | § | |
| **VS** | § | **No: EP:20-CR-00389(1)-DCG** |
| | § | |
| **(1) Patrick Wood Crusius** | § | |
| *Defendant* | § | |

## STANDING DISCOVERY, PRETRIAL AND TRIAL ORDER

Pursuant to Rule 5(f) of the Federal Rules of Criminal Procedure, as amended by the Due Process Protections Act, Pub. L. No. 116 182, 134 Stat. 894 (Oct. 21, 2020), the Court hereby kindly reminds the United States of America (the Government) of its obligation to comply with its disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and the Federal Rules of Criminal Procedure. *See Brady*, 373 U.S. at 87 (holding that due process requires government disclosure of "evidence [that] is material either to guilt or to punishment").

By law, the Government has a **continuing** obligation to disclose any exculpatory evidence to the Defendant and to learn of any such evidence known to others acting on the Government's behalf, including law enforcement. *See Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995). The Government's disclosure obligations apply even when the Defendant has not requested any exculpatory evidence from the Government. *See United States v. Agurs*, 427 U.S. 97, 107 (1976). These obligations to provide exculpatory evidence in a timely manner are not diminished by the fact that such evidence also constitutes evidence that must be produced later pursuant to the Jencks Act, 18 U.S.C. § 3500, or by the fact that such evidence need not be produced according to Rule 16. *See United States v. Campagnuolo*, 592 F.2d 852, 860–62 (5th Cir.1979); *see also* Advisory Committee Note to Fed. R. Crim. P. 16 (1974) ("The rule is intended to prescribe the minimum amount of discovery to which the parties are entitled."). If the Government identifies any evidence which it believes to be exculpatory or favorable to the Defendant but not material, the Government shall submit such information to the Court for *in camera* review.

The Court also reminds the Government of the possible consequences of violating any of its disclosure obligations, which may include, but are not necessarily limited to, the delay of trial or other proceedings, the exclusion of evidence, the giving of adverse jury instructions, the grant of new trial, the dismissal of an action, or a finding of contempt.

Further, in an effort to efficiently manage the Court's crowded docket, and in order to expedite discovery and bring about full readiness for trial within the meaning of the Speedy Trial Act, 18 U.S.C. §§ 3161, *et seq.*, the following orders are entered:

**IT IS HEREBY ORDERED** that the parties confer and accomplish the following WITHIN the time periods set out below in Paragraphs I–IX.

## I.   NO LATER THAN FOURTEEN DAYS FROM THE ENTRY OF THIS ORDER

A.   The United States of America (the Government) shall permit the Defendant to inspect and copy the following items or copies thereof, or supply copies thereof which are within the possession, custody or control of the Government, the existence of which is known, or by the exercise of diligence may become known to the Government:

(1)   The substance of any oral statement made by the Defendant before or after his or her arrest in response to interrogation by a person then known to be a Government agent which the Government intends to offer into evidence at trial. *See* Fed. R. Crim. P. 16(a)(1)(A).

(2)   Any written or recorded statements made by the Defendant. *See* Fed. R. Crim. P. 16(a)(1)(B).

(3)   The Defendant's Federal Bureau of Investigation arrest record to include all prior felony convictions and misdemeanor convictions involving moral turpitude which the Government intends to use for impeachment of the Defendant at trial. *See* Fed. R. Crim. P. 16(a)(1)(D).

(4)   The Federal Bureau of Investigation arrest record of any Government witness, which shall include all prior felony convictions and misdemeanor convictions of moral turpitude, and all arrests and charging instruments of a Government witness which were in existence or occurred at or after the time of the alleged offense in this case or any other part of the criminal record of a Government witness which may show bias of the witness or motive as to why the witness would testify in the manner testified to at trial.  *See Davis v. Alaska*, 415 U.S. 308 (1974*)*.

(5)   Books, papers, documents, photographs, tangible objects, buildings or places which the Government intends to use as evidence at trial in its case-in-chief, or which were obtained from or belong to the Defendant. *See* Fed. R. Crim. P. 16(a)(1)(E).

(6)   Results of reports of physical or mental examination and of scientific tests or experiments made in connection with this case. *See* Fed. R. Crim. P. 16(a)(1)(F).

(7)     A written summary, describing the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications, of the testimony of any expert witness that the Government intends to use at trial in its case-in-chief and any facts or data upon which any such expert's opinion testimony is based. *See* Fed. R. Crim. P. 16(a)(1)(G); Fed. R. Evid. 705.

B.     The Defendant shall permit the Government to inspect and copy the following items or copies thereof, or supply copies thereof which are within the possession, custody or control of the Defendant the existence of which is known or by the exercise of diligence may become known to the Defendant:

(1)     Books, papers, documents, photographs, or tangible objects which the Defendant intends to use as evidence in its case-in-chief at trial. *See* Fed. R. Crim. P. 16(b)(1)(A).

(2)     Results of reports of physical or mental examinations, and of scientific tests or experiments, made in connection with this case, which the Defendant intends to use as evidence in its case-in-chief at trial or which were prepared by a defense witness who will testify concerning the contents thereof. *See* Fed. R. Crim. P. 16(b)(1)(B).

(3)     A written summary (describing the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications) of the testimony of any expert witness that the Defendant intends to use at trial and any facts or data upon which any such expert's opinion testimony is based. *See* Fed. R. Crim. P. 16(b)(1)(C); Fed. R. Evid. 705.

C.     If the Defendant intends to rely upon the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect or other condition bearing on the issue of whether he or she had the mental state required for the offense charged, he or she shall give written notice to the Government. *See* Fed. R. Crim. P. 12.2(a).

D.     If the Defendant intends to assert a Public Authority Defense, he or she must give notice to the Government. *See* Fed. R. Crim. P. 12.3.

## II.    <u>NO LATER THAN TWENTY-ONE DAYS PRIOR TO TRIAL</u>

A.     If the Government intends to offer evidence that the Defendant, in a sexual assault case, committed any extraneous sexual assault it must disclose its intent to the Defendant and include a summary of the expected testimony. *See* Fed. R. Evid. 413(a)-(b).

B.    If the Government intends to offer evidence that the Defendant, in a child molestation case, committed any extraneous child molestation it must disclose its intent to the Defendant and include a summary of the expected testimony. *See* Fed. R. Evid. 414(a)-(b).

C.    The Government shall reveal to the Defendant and permit inspection and copying of all information and materials known to the Government which may be favorable to the Defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland,* 373 U.S. 83 (1963), or which tends to impeach the Government witnesses.

D.    The Government shall state whether the Defendant was the subject of any electronic surveillance and if so, shall furnish to the Defendant for inspection and copying any recordings or videotapes thereof which may be offered into evidence at trial. (18 USC § 2518(9))

E.    The Government shall disclose to the Defendant the existence and substance of any payments or promises of immunity, leniency, or preferential treatment made to prospective Government witnesses within the scope of *Giglio v. United States,* 405 U.S. 150 (1972) and *Napue v. Illinois,* 360 U.S. 264 (1959).

F.    The Government shall provide written notice of its intent to use at trial evidence of any crimes, wrongs, or other acts to include the general nature of any such evidence, the date and location of the occurrence, the name of the alleged victim and the court and cause number if any. *See* Fed. R. Evid. 404(b).

G.    The proponent of any prior conviction used for impeachment, where more than 10 years have passed from the date of conviction or release from confinement for such conviction, must give written notice to the adverse party of its intention to use such conviction. *See* Fed. R. Evid. 609(b)(2).

H.    The proponent of any "Residual Hearsay" must give the adverse party notice of its intention to offer hearsay that is not covered by any other exception and meets the requirements of the Residual Hearsay Exception. *See* Fed. R. Evid. 807(b).

I.    A party, by Motion, shall give notice of its intent to offer evidence of the victim's sexual behavior. *See* Fed. R. Evid. 412.

### III.    <u>**NO LATER THAN 15 DAYS PRIOR TO TRIAL-NOTICE OF PLEA**</u>

Defense counsel must notify the Court's deputy clerk of the Defendant's

intention to plead guilty.  At that time, defense attorneys must also secure a setting for a plea hearing.  Upon securing a plea hearing, remaining obligations under this order will be suspended. Defendants who fail to comply with this requirement may not receive adjustments to their sentencing guidelines based on acceptance of responsibility or be granted a continuance.  Moreover, the Court may not recognize any plea agreements into which the parties enter after the deadline. Instead, Defendants may be required to plead guilty to all counts of the indictment or proceed to trial.  *See United States v. Ellis,* 547 F.2d 863 (5th Cir. 1977).  The failure to prepare for trial because counsel believed the case would plea will not be adequate grounds for a continuance.

## IV.   <u>NO LATER THAN 14 DAYS PRIOR TO TRIAL</u>

A.   **Joint Proposed Jury Charge**
Parties shall meet and confer and file a joint proposed jury charge and verdict forms consistent with the guidelines in this section. Upon filing, the parties shall promptly email the Microsoft Word file, containing the joint proposed jury charge as filed, to <u>David_Guaderrama@txwd.uscourts.gov</u>. (the email's subject line must include the case number and the text "Joint Proposed Jury Charge"). The parties shall submit the full text and cite to specific sections of the Fifth Circuit Pattern Jury Charge (meaning the corresponding section number, *e.g.,* 1.04) as well as the full text and citation to any non-Fifth Circuit Pattern Jury Charge section that the parties propose that the Court consider. If the parties disagree on a specific charge, each party shall provide the full text of their respective proposed charge, denoting the parties' name and highlighting those portions of the charge about which the parties disagree. If a specific charge is proposed by **<u>only</u>** one party, that party shall provide the full text of the proposed charge, denoting its name, and the other party shall include the nature of its objection, if any, to the proposed charge.

B.   **Proposed Voir Dire Questions and Case Summary**
The parties shall submit a list of questions each party desires the Court to ask the prospective jurors during voir dire. In addition, the parties shall jointly submit a short summary of the case to be read by the Court to the panel to determine if anyone has heard anything about the case. After the Court concludes questioning the prospective jurors, each party will be allotted ten (10) minutes to ask any additional questions.

C.   **Joint Admissibility of Exhibits**
A *joint* exhibit list shall be filed.  The Court orders that the parties confer and discuss the admissibility of their exhibits.  The joint exhibit list shall identify any objections to the exhibits designated by the other party as well as identify the exhibits that the parties agree upon.  Any exhibits that are *not* jointly

agreed upon by the parties will be addressed at the pretrial conference.

D.    **Joint Motion in Limine**

The parties will submit a *joint* motion in limine but only after the parties confer and discuss the parties' individual motion(s), if any.  The joint motion in limine shall identify the items that are jointly agreed upon by the parties and the items that are objected to or not agreed upon by the parties, along with any corresponding objections.  Any items therein that are not jointly agreed upon by the parties will be addressed at the pretrial conference.

E.    **Asset Forfeiture**

If the Government's indictment or information contains notice to the Defendant that the government will seek the forfeiture of property as part of any sentence, each party must notify the Court if that party wishes that the jury be retained to determine the forfeitability of specific property. In the event either party elects to submit the issue of forfeitability to the jury, the parties must submit a joint proposed jury charge on forfeiture that is compliant with the instructions set forth in Paragraph A of this section and a joint proposed special verdict form. If neither party requests that the jury be retained to determine the issue of forfeitability, the parties must indicate to the Court if the forfeiture action is contested and a hearing is desired. If a hearing on the issue of forfeitability is desired, the Court will set the matter for a hearing to be held immediately after a verdict or finding of guilt.

F.    **Other Filings**

Parties shall file any matters of evidentiary concern and identify and brief any unusual evidentiary or non-evidentiary issues that may arise in the trial of this case.  Parties shall confer before filing any of these matters.  The Government and Defense counsel shall submit for the Court's in-camera review any designated documents or materials.

## V.    <u>NO LATER THAN 10 DAYS PRIOR TO TRIAL</u>

This case is set for a Final Judge's Conference where any pending matters or issues, including *Lafler-Frye* plea disclosures, will be addressed by the Court on the record.

## VI.    <u>NO LATER THAN THREE DAYS PRIOR TO TRIAL</u>

Any need for an interpreter, for a defendant or a witness for the defense, should be communicated to Courtroom Deputy Greg Dueñas, (915) 834-0509, no later than three (3) days prior to the court setting wherein the interpreter will be

required.

## VII.   ON THE DAY OF TRIAL

A.   **Photographs of Witnesses**

Parties shall prepare digital photographs of the witnesses who are involved in the trial.  When the Court introduces counsel to the jury panel, counsel will then display the photographs to the jury panel.   The purpose of the photographs is "to put a face to the name." In other words, it provides an opportunity to inquire as to whether any of the jurors know or recognize any of the witnesses who are involved in the present case.  The photographs do not need to be electronically submitted, but they must be accessible to counsel at the time of jury selection.   If either side wishes to avoid presenting the photograph of a witness to the jury panel, counsel must have the witness in the courtroom at the time the Court calls for the introduction of witnesses, otherwise the introduction will be by photograph.

B.   **Examination of Witnesses**

The Court reminds counsel that witnesses are to be addressed only with questions.  Counsel should refrain from engaging in any prefatory discussions introducing themselves to the witness, instructing the witness how to respond to questions the witness does not understand, or explaining how the examination will proceed.  Should a witness become uncooperative or refuse to appropriately answer a question, the Court will, upon request of counsel, admonish the witness.   Any such admonishment, however, should come exclusively from the Court and not from counsel.

C.   **Witness's Grand Jury Testimony**

If the Government intends to call a witness, who testified before a Grand Jury in this or a related case, the Government shall have prepared a transcript of such witness's Grand Jury testimony and provide it to defense counsel at the conclusion of the witness's trial testimony. *See* Fed. R. Crim. 6, 16(a)(3); 18 U.S.C. § 3500(e)(3).

D.   **Exhibits**

Exhibits should be presented using the courtroom evidence presentation equipment by means of the document camera in the courtroom and/or your personal laptop computer. The Court uses the software application known as JERS (Jury Evidence Recording System) in the courtroom.  This application works in conjunction with the courtroom evidence presentation equipment by allowing the Court to capture and release to the jury admitted evidence that is presented by attorneys during a jury trial.   Upon completion of evidence presentation by the parties, the Court will release the admitted exhibits to the

jurors in the jury deliberation room where they can view the admitted exhibits using a touch screen monitor.  Counsel should submit all exhibits electronically, by thumb drive, CD, email, or other electronic media, prior to the start of jury selection. Please refer to the attached JERS Exhibit Submission Requirements document as a reference on how your exhibit files should be formatted to allow for an electronic batch import of these exhibits.

E.   **Individuals Allowed at Counsel Table**
Only counsel involved in the case, all named parties, and one representative employee of a legal entity named as a party will be allowed beyond the bar at counsel tables.  Any other members of the legal team, who are not subject to "The Rule", will be required to sit in the gallery behind the bar and allowed into the bar area only as required and by prior authorization of the Court.

## VIII.   <u>SENTENCE AND DETENTION</u>

Defense counsel should prepare his or her client for immediate surrender into the custody of the United States Marshal, as required by 18 U.S.C. § 3143(a)(2), at the time of the entry of a finding of guilt in any case described in 18 U.S.C. § 3142(f)(1)(A), (B), or (C). *See United States v. Posada*, 109 F.Supp.3d 911 (W.D.Tex. 2015).

## IX.   <u>CONTINUING DUTY TO COMPLY WITH THIS ORDER</u>

**IT IS FINALLY ORDERED** that it shall be the continuing duty of counsel for both sides to reveal to opposing counsel all newly discovered information or other material within the scope of this Standing Order, s*ee* Fed. R. Crim. P. 16(c), and that:

A.   The Court may at any time, upon motion properly filed or on its own motion, order that the discovery or inspection provided for by this Standing Order be denied, restricted or deferred, or make such other order as is appropriate. The Court expects, however, that counsel for both sides shall make every good faith effort to comply with the letter and the spirit of this Standing Order. *See* Fed. R. Crim. P. 16(d)(1).

B.   All motions concerning matters not covered by this Standing Order must be filed within fourteen days of arraignment or waiver of arraignment. *See* Fed. R. Crim. P. 12(c)(1); Local Rule CR-12.

C.   Counsel shall immediately notify the Court in writing of the reasons for failure to comply with this Standing Order at such time as the failure occurs. **FAILURE TO COMPLY WITH ALL THE TERMS OF THIS ORDER MAY**

**RESULT IN THOSE MATERIALS NOT DISCLOSED AS SET FORTH ABOVE BEING PRESUMED INADMISSIBLE.   FAILURE TO COMPLY MAY ALSO RESULT IN DISMISSAL OF THE CASE**. *See* Fed. R. Crim. P. 16(d)(2).

Signed this the 22nd day of December, 2020.

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

# Jury Evidence Recording System (JERS) Requirements

## Time Frame for Submitting Exhibits
All files must be submitted based on the deadline set by the presiding Judge or CRD associated with your case. Your timeliness in submitting these files will assist the Court in preparing for the trial. Exhibits submitted that do not meet the Court's requirements will be returned for correction.

## How to Submit Electronic Files
All files must be provided on a single storage device such as a USB, CD or DVD.

## Requirements for Exhibit File Types
All electronic evidence must be provided using the following formats:

- Documents and Photographs: .pdf, .jpg, .bmp, .tif, .gif
- Video and Audio Recordings: .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav, .3gpp

**VERY Important:**        The individual file size of **documents (pdf)** should not exceed **10 MB.**

The individual file size of **audio** and **video** should not exceed **500 MB.**

If possible, exhibits approaching or exceeding this size limit should be separated into multiple files. PDF documents can often be reduced significantly in size by using tools such as Adobe's "Reduce File Size" feature. Images can be significantly reduced in file size by lowering its resolution or dimensions, usually with minimal affect to viewing quality.

## Naming Your Files
All file names **MUST** be named using the following naming convention. Not using this exact naming convention will cause problems in our office when uploading your exhibit files. The file name begins with the exhibit number, followed by an underscore to designate that the remaining text of the file name is the description of the exhibit.



**EXHIBIT**
Exhibit Number(underscore)Exhibit Description(.)File Exension

Example:        1_Photograph of Gun.PDF

Important

**Note:** An underscore **MUST** be placed between the exhibit number and exhibit description. DO NOT use an underscore anywhere else in the exhibit file name.

**SUB EXHIBIT**
Exhibit Number(dash)Sub Letter(Underscore)Exhibit Description(.)File Extension

Example:        1-A_Photograph of Gun Marked Up.pdf

**Note:** For Sub Exhibits, place a dash between exhibit number and sub letter. The underscore is then placed after the sub letter.