**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. EP-20-CR-0389-DCG |
| | § | |
| PATRICK WOOD CRUSIUS, | § | |
| | § | |
| Defendant. | § | |

**JOINT MOTION FOR ORDER
LIMITING PUBLICATION OF CERTAIN MATERIAL**

The United States of America, hereinafter referred to as the Government, by and through

the United States Attorney for the Western District of Texas, and Patrick Wood Crusius, through

his undersigned Counsel, respectfully move this Court to enter the attached proposed Order

Limiting Publication of Certain Material, specifically information purportedly in the possession of

the El Paso County Office of Medical Examiner and Wal-Mart Stores, Inc., First Convenience

Bank, and Castro Enterprises d/b/a McDonald's and/or McDonald's Corporation.

**I.     Background**

   **A.  Criminal Prosecution**

On February 6, 2020, a federal grand jury sitting in the Western District of Texas, El Paso

Division, returned a ninety count indictment in the above-captioned case charging Patrick Wood

Crusius with twenty-two death-resulting hate crime offenses, twenty-three additional hate crime

offenses involving an attempt to kill, and forty-five related firearm offenses. Twenty-two of these

firearm offenses carry a potential death sentence. (ECF No. 1). On July 9, 2020, a federal grand

jury sitting in the Western District of Texas, El Paso Division, returned a superseding indictment

in the above-captioned case to include in addition to the original counts the death of an additional

victim. (ECF No. 82). These charges arise from an August 3, 2019, mass shooting at a Walmart located in El Paso, Texas.

As reflected in the Indictments, the shooting killed twenty-three people and injured several more. Given the time and location of the incident, there were hundreds of witnesses to the shooting. Hundreds of local, state, and federal law enforcement officers and first responders played a role in responding to the attack and its aftermath. Those entities amassed a tremendous amount of material that the prosecution team will share with the Defendant and his counsel.

The investigation into the mass shooting on August 3, 2019, has progressed on dual federal and state tracks since its inception. On September 12, 2019, and on June 25, 2020, a Grand Jury for the 34th Judicial District sitting in El Paso County returned indictments charging Patrick Wood Crusius with capital murder of multiple persons for allegedly executing the August 3, 2019, mass shooting and announced that it would seek the death penalty.

On February 14, 2020, this honorable court issued a Protective Order Governing Discovery (the "Protective order") in the above-captioned case, (ECF No. 39); this order remains in place.

**B.  Civil Lawsuit(s)**

On March 1, 2021, under the above-captioned case, a Non-Party filed its Unopposed Motion for Clarification of Protective Order. (ECF No. 172).  The non-party seeks clarification by this honorable court to determine if the Protective Order issued in the above-captioned case (ECF No. 39) applies to a state civil case pending in state court. (See ECF No. 172, p. 2).  The non-party movants specifically requested clarification of the Protective Order's application to items purportedly in the possession of the El Paso County Office of Medical Examiner, Walmart, First National Bank, and McDonald's. (See ECF No. 172, p. 4).   There are currently over 70 non-party litigants in the pending state civil suit.

### C.  Due Process and Sensitivity of Information Sought

While the parties strongly prefer that the information sought by non-party movants not be released until after the criminal matter has been resolved, the parties also recognize that the non-party litigants in the state civil case(s) possess an interest in having access to due process.

The parties further recognize that the Protective Order in this case was not originally drafted to govern the dissemination of discoverable material  in state civil cases; as a result, that Order most likely does not apply to the civil discovery in the state civil case(s).  Even so, the parties believe that the information in question is so sensitive to this case – possible items responsive to the non-party movant's civil discovery requests could include autopsy details and results, as well as closed circuit surveillance videos and photos allegedly showing the mass murder of multiple individuals - that the court must take appropriate steps to safeguard the integrity of this proceeding.

Fortunately, after careful consideration and consultation with the Defendant, the parties believe that there is a way to address the interests of the parties to the criminal case as well as those of the civil litigants.  By inviting the non-party movants to willing bind themselves to the proposed Order, the Court can mitigate the likelihood that the sensitive information potentially still in the possession of Wal-Mart Stores, Inc., First Convenience Bank, and Castro Enterprises d/b/a McDonald's and/or McDonald's Corporation, be publicly released prior to the conclusion of the criminal trial in this case, while still providing an avenue through which the non-party movants may gain the access they seek.  Should the non-party movants be unwilling however to agree to the proposed Order's terms, the Court should act to forestall any potential claims of unfair prejudice to these proceedings by limiting the ability of the El Paso County Office of Medical Examiner, Wal-Mart Stores, Inc., First Convenience Bank, and Castro Enterprises d/b/a McDonald's and/or McDonald's Corporation to release any materials in their possession relevant to this case.

## II.     Legal Authority

In  the Protective Order, the Parties, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. §§ 3771(a)(1) and (8), sought to limit the dissemination of discovery in this case for several reasons, but primarily because the information in question was voluminous; it came in various formats; and included sensitive, graphic, and private material that contained personally identifiable information (PII) such as Social Security numbers, dates of birth, addresses, financial account numbers, and other personal identifiers.

As a result, the Protective Order serves important interests.   It protects the privacy interests of, among others, family members of the deceased, surviving shooting victims, and eyewitnesses to the incident while also helping to ensure that both the Defendant and the Government receive a fair trial.

The proposed Order looks to accomplish those same goals while also allowing the state civil suit(s) to proceed.

### A.  The Court Has the Authority to Limit Trial Participants' Speech When There is a Substantial Likelihood that the Fair Conduct of a Trial Could be Prejudiced

The parties are unaware of any case standing for the proposition that this court could extend the dictates of its Protective Order to materials that are potentially discoverable in the state civil suit(s).  This court does, however, have the ability to limit the statements made by trial participants when those statements are substantially likely to prejudice the conduct of a fair trial.  *United States v. Brown*, 218 F.3d 415 (5th Cir. 2000); *Gentile v. State Bar of Nevada*, 501 U.S. 1030 (1991).

The El Paso County Office of Medical Examiner, Wal-Mart Stores, Inc., First Convenience Bank, and Castro Enterprises d/b/a McDonald's and/or McDonald's Corporation, by virtue of the materials obtained from them by the Government, will most likely be participants to any federal criminal trial on this matter. Similarly, the information that these entities could still possess – information that may include autopsy details and results, as well as closed circuit surveillance videos and photos allegedly showing the mass murder of some twenty-three people – is so sensitive

that the pretrial release of these details would be likely to substantially prejudice certain aspects of this case, namely the ability to select a jury locally.

This is the very information, however, at the heart of the non-party movant's petition to the court. Because the Court's Protective Order most likely does not apply to this material, it is possible that the El Paso County Office of Medical Examiner, Wal-Mart Stores, Inc., First Convenience Bank, and Castro Enterprises d/b/a McDonald's and/or McDonald's Corporation may be compelled to disclose sensitive material still in their possession to litigants in the state civil suit(s) via the state civil discovery process.

To avoid both the pretrial disclosure of such sensitive material, and any arguable claim of an unfair trial in this case, the Court could – and, absent the affirmative agreement by the non-party movants to the conditions laid out in the proposed Order, should – limit the El Paso County Office of Medical Examiner, Wal-Mart Stores, Inc., First Convenience Bank, and Castro Enterprises d/b/a McDonald's and/or McDonald's Corporation from divulging the information that non-party movants seek.

## B. The Proposed Order Would Allow the Discovery Process to Continue in the State Civil Suit(s)

Without commenting on any non-party's ability to compel - or conversely, quash - production of material through the state civil court discovery process, the parties recognize that non-party plaintiffs and defendants have a strong interest in advancing towards a resolution of their case. The parties to this case however also have a strong interest in protecting the equities particular to this case, foremost among them for both parties is the ability to try this case in El Paso.

Setting stringent, voluntary, conditions by which materials possibly constituting state civil discovery, as determined by the state court adjudicating the state civil process, are viewed ensures

that the parties' interests in the federal criminal case are protected while still allowing the state

civil suit(s) to advance.

**III.    Consultation with Counsel**

The Parties have conferred with the non-party movants under ECF No. 172, and the non-

party movants have agreed to submit to the terms of the proposed Order. The non-party respondent

has filed its response providing the Court with its position. (ECF No. 173).

**IV.    Conclusion**

The parties submit good cause exists to enter an Order such as the one proposed and

respectfully request the Court grant their motion.

Respectfully submitted,

ASHLEY C. HOFF
UNITED STATES ATTORNEY

*/s/ Ian Martinez Hanna*
IAN MARTINEZ HANNA
Assistant United States Attorney
Texas Bar #24057885
700 East San Antonio, Suite 200
El Paso, Texas  79901
(915) 534-6884 (phone)
ian.hanna@usdoj.gov

*/s/ Joe A. Spencer*
JOE A. SPENCER
1009 Montana
El Paso, Texas 79902
915-532-5562
joe@joespencerlaw.com
State Bar of Texas No. 18921800

REBECCA L. HUDSMITH
LA Bar No. 7052
Office of the Federal Public
Defender for the Middle and
Western Districts of Louisiana
102 Versailles Blvd. Suite 816
Lafayette, LA 70501
Telephone: (337) 262-6336
Facsimile: (337) 262-6605
Rebecca_hudsmith@fd.org

MARK STEVENS
310 S. St. Mary's Street
Tower Life Building, Suite 1920
San Antonio, TX 78205
(210) 226-1433
State Bar No. 1918420
mark@markstevenslaw.com

***Attorneys for Patrick Crusius***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. EP-20-CR-0389-DCG** |
| | § | |
| **PATRICK WOOD CRUSIUS,** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER LIMITING PUBLICATION OF CERTAIN MATERIALS**

Upon the motion of the Parties, and for good cause shown, it is hereby ORDERED:

1.      This Order applies to materials, if any, relating to the above-captioned cause that are: a) in the actual or constructive possession of the El Paso County Office of Medical Examiner, in any format; and b) videos, photos and/or audio recordings, and/or written descriptions of those same recordings, in the actual or constructive possession of Wal-Mart Stores, Inc., First Convenience Bank, and Castro Enterprises d/b/a McDonald's and/or McDonald's Corporation, and which are determined to be discoverable as part of the discovery process in the state civil court suit(s).

2.      "State civil court suit(s)" are those civil actions originating in state civil court stemming from the events taking place on August 3, 2019, at the Walmart located near Cielo Vista Mall, more specifically 7101 Gateway Boulevard West, El Paso, Texas.

3.      A "non-party" is defined as a civil litigant party to the state civil court suit(s).  A "non-party" is also any third-party custodian of information, in any form, sought as discovery in the state civil suit and/or the state and federal criminal case.

4.      For purposes of this Order, **"authorized persons"** are defined as counsel of record (and attorneys within their respective firms) for the non-party movants, the non-party respondents, and third-party custodians.  "Authorized persons" also include third-party custodians' secretarial,

administrative, and legal personnel (including contract staff, copying services or other administrative support) working under the direction and control of the third-parties to ensure proper control and accountability over the materials subject to this Order.  Experts retained by counsel of record for the non-party movants and non-party respondents are also "authorized persons" under the meaning of this order.

5.      Authorized Persons wishing to have access to materials subject to this Order voluntarily subject themselves to the terms of this Order and agree to abide by the conditions set out below.

6.      The remaining litigants to the state civil suit(s) may become "authorized persons," as defined above, upon written acknowledgment of receipt of this Order, written agreement accepting the terms of this Order, and filing of both of those documents with this court.

7.      Nothing in either the Protective Order (ECF No. 39), or this Order, should be interpreted to confer an independent right to obtain discovery through the state civil suit's discovery process and this order applies only if materials subject to this order are determined to be legally required to be produced by the state courts adjudicating the state civil suit(s).

8.      Similarly, nothing in the Protective Order (ECF No. 39), or this Order, should be construed to constitute an absolute bar to obtaining discoverable material as part of the state civil suit.

9.      Non-parties and third-party custodians bear ultimate responsibility for appropriately securing materials subject to this Order.  Failure by non-parties and third-party custodians to adhere to the conditions set out below may result in civil and criminal contempt sanctions.

10.      A non-party wishing to access materials subject to this Order shall inform all members of their team to whom access is made available of the existence and terms of both the Protective Order (ECF No. 39), and this Order and obtain a signed acknowledgement.

11.     Non-parties granted access to any materials subject to this Order agree to abide by

the following conditions:

a)   Materials subject to this order shall remain in the exclusive custody and control of its
     current custodian.  Authorized persons viewing materials subject to this order may not
     reproduce, record, film, or otherwise copy those materials.

b)   Authorized persons may make notes during the viewing of materials subject to this
     order and may keep written notes describing the materials subsequent to its viewing.
     Authorized persons making and keeping notes bear the sole responsibility for
     safeguarding those notes.

c)   Non-parties and authorized persons are prohibited from making public comment in any
     way, shape, or form relative to materials subject to this order and are further prohibited
     from using proxies to accomplish the same.

12.     Any description of materials subject to this order subject to this order that a non-

party team files with any court in connection with pre-trial motions, trial, or other matters before

a court, shall be filed under seal and shall remain sealed until otherwise ordered by this court.

Signed this _____ day of April, 2021.


_____
HONORABLE DAVID GUADERRAMA
UNITED STATES DISTRICT COURT JUDGE