IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. EP-20-CR-0389-DCG |
| | § | |
| PATRICK WOOD CRUSIUS, | § | |
| | § | |
| Defendant. | § | |

## ORDER LIMITING PUBLICATION OF CERTAIN MATERIALS

Upon the motion of the Parties, and for good cause shown, it is hereby ORDERED:

1. This Order applies to materials, if any, relating to the above-captioned cause that are: a) in the actual or constructive possession of the El Paso County Office of Medical Examiner, in any format; and b) videos, photos and/or audio recordings, and/or written descriptions of those same recordings, in the actual or constructive possession of Wal-Mart Stores, Inc., First Convenience Bank, and Castro Enterprises d/b/a McDonald's and/or McDonald's Corporation, and which are determined to be discoverable as part of the discovery process in the state civil court suit(s).

2. "State civil court suit(s)" are those civil actions originating in state civil court stemming from the events taking place on August 3, 2019, at the Walmart located near Cielo Vista Mall, more specifically 7101 Gateway Boulevard West, El Paso, Texas.

3. A "non-party" is defined as a civil litigant party to the state civil court suit(s). A "non-party" is also any third-party custodian of information, in any form, sought as discovery in the state civil suit and/or the state and federal criminal case.

4. For purposes of this Order, "authorized persons" are defined as counsel of record (and attorneys within their respective firms) for the non-party movants, the non-party respondents, and third-party custodians. "Authorized persons" also include third-party custodians' secretarial,

administrative, and legal personnel (including contract staff, copying services or other administrative support) working under the direction and control of the third-parties to ensure proper control and accountability over the materials subject to this Order. Experts retained by counsel of record for the non-party movants and non-party respondents are also "authorized persons" under the meaning of this order.

5. Authorized Persons wishing to have access to materials subject to this Order voluntarily subject themselves to the terms of this Order and agree to abide by the conditions set out below.

6. The remaining litigants to the state civil suit(s) may become "authorized persons," as defined above, upon written acknowledgment of receipt of this Order, written agreement accepting the terms of this Order, and filing of both of those documents with this court.

7. Nothing in either the Protective Order (ECF No. 39), or this Order, should be interpreted to confer an independent right to obtain discovery through the state civil suit's discovery process and this order applies only if materials subject to this order are determined to be legally required to be produced by the state courts adjudicating the state civil suit(s).

8. Similarly, nothing in the Protective Order (ECF No. 39), or this Order, should be construed to constitute an absolute bar to obtaining discoverable material as part of the state civil suit.

9. Non-parties and third-party custodians bear ultimate responsibility for appropriately securing materials subject to this Order. Failure by non-parties and third-party custodians to adhere to the conditions set out below may result in civil and criminal contempt sanctions.

10. A non-party wishing to access materials subject to this Order shall inform all members of their team to whom access is made available of the existence and terms of both the Protective Order (ECF No. 39), and this Order and obtain a signed acknowledgement.

11. Non-parties granted access to any materials subject to this Order agree to abide by the following conditions:

   a) Materials subject to this order shall remain in the exclusive custody and control of its current custodian. Authorized persons viewing materials subject to this order may not reproduce, record, film, or otherwise copy those materials.

   b) Authorized persons may make notes during the viewing of materials subject to this order and may keep written notes describing the materials subsequent to its viewing. Authorized persons making and keeping notes bear the sole responsibility for safeguarding those notes.

   c) Non-parties and authorized persons are prohibited from making public comment in any way, shape, or form relative to materials subject to this order and are further prohibited from using proxies to accomplish the same.

12. Any description of materials subject to this order subject to this order that a non-party team files with any court in connection with pre-trial motions, trial, or other matters before a court, shall be filed under seal and shall remain sealed until otherwise ordered by this court.

Signed this 30th day of April, 2021.

_____
HONORABLE DAVID GUADERRAMA
UNITED STATES DISTRICT COURT JUDGE