# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § § § | |
| Plaintiff, § § | |
| v. § § | CAUSE NO.: EP-20-CR-00389-DCG |
| **PATRICK WOOD CRUSIUS,** § § § | |
| Defendant. § | |

## GOVERNMENT'S AMENDED PROPOSED SCHEDULING ORDER

The United States, pursuant to the Court's Order of January 18, 2022, having met and conferred with the Defendant on the subject of a Joint Proposed Scheduling Order, and having been unable to reach an agreement, proposes, by and through the undersigned attorneys, the following amended schedule be adopted by this Court:[1]

| | |
|---|---|
| February 28, 2022: | Completion of non-expert Fed. R. Crim. P. 16 discovery for all parties; the United States shall make available to the Defendant by the time required by the applicable law all material for which disclosure is mandated by *Brady v. Maryland*, 373 U.S. 83 (1963)[2] |
| April 29, 2022: | Defense discovery motions |
| May 13, 2022: | Responses to defense discovery motions |
| July 1, 2022: | 1) Constitutional motions relating to capital punishment, including but not limited to challenges to the Federal Death Penalty Act, the death penalty, *per se*, and Special Findings in the Superseding Indictment |
| | 2) Motion(s) to Dismiss/Strike the Superseding Indictment and/or Special Findings, including motions attacking the sufficiency of notice and/or validity of aggravating factors |

---

[1] This proposed scheduling order is offered under the Court's guidance that the parties, for purposes of developing a timeline for resolving this case, operate under an assumption that there will be a Death Qualification and trial. The Government has not yet qualified this matter as a Death Penalty case and no inference should be made from this filing as to whether when, or even if, such a qualification may be made.

[2] This deadline is subject to the parties' continuing discovery obligations.

|  |  |
|---|---|
|  | 3) Challenges to Death Qualification |
|  | 3) Government request for alibi disclosures |
|  | 4) Defense to provide reciprocal discovery pursuant to Fed. R. Crim. P. 16(b)(1) |
| July 29, 2022: | Government responses to capital motions |
| August 12, 2022: | Replies re: capital motions |
| August 22-26, 2022: | Hearing re: capital motions, if necessary |
| September 9, 2022: | 1) Pretrial motions, including but not limited to:<br><br>- Bill of particulars<br>- Venue<br>- Defects in Instituting Prosecution<br>- Selective Prosecution<br>- Challenges to Grand Jury<br>- Motions to Suppress<br><br>2) Government's proposed jury selection procedures |
| October 7, 2022: | Responses to pretrial motions and government's proposed jury selection procedures |
| October 21, 2022: | Replies re: pretrial motions and government's proposed jury selection procedures |
| November 1-4, 2022: | Hearings on pretrial motions and jury selection procedures, if necessary[3] |
| November 11, 2022: | 1) Defense notice of intent to introduce expert evidence on a mental condition bearing on the issue of guilt or punishment pursuant to Fed. R. Crim. P. 12.2(b)(1) and (2)[4]<br><br>- Defendant's notice shall include the name and professional qualifications of any mental health professional who will testify as an expert and a brief, general summary of the topics to be |

---

[3] The Court will subsequently issue an order that will govern jury selection, including but not limited to dates and methods for prospective jurors to complete questionnaires, the parties to review questionnaires and propose strikes, in-court voir dire, and execution of peremptory strikes.

[4] Unless either party subsequently requests alternative procedures, maintenance and disclosure of all results and reports of mental health examinations conducted pursuant to Rule 12.2 shall be governed by Rule 12.2(c).

        addressed that is sufficient to permit the government to determine the area in which its expert must be versed.
- If Defendant provides such notice, Defendant shall be examined by a corresponding mental health professional or professionals selected by the government for purposes of rebuttal pursuant to Fed. R. Crim. P. 12.2(c)(1).

2) Government and defense disclosures of guilt-phase non-mental health expert summaries pursuant to Fed. R. Crim. P. 16(a)(1)(G) and (b)(1)(C)

3) Deadline for defendant to raise claims under *Atkins v. Virginia*, 536 U.S. 304 (2002). If notice is provided, a separate litigation schedule will be developed.

4) Deadline for the defendant to raise issues of competency. In the event that no motion is filed, the defense shall file an ex parte declaration under seal explaining why. If the defendant files a motion, a separate litigation schedule will be developed.

| | |
|---|---|
| December 2, 2022: | 1) Disclosure of expert reports for experts identified in response to the parties' Sept. 6, 2022 disclosures.<br><br>2) Challenges to any Sept. 6, 2022 expert disclosures |
| December 16, 2022: | Responses to challenges to guilt phase non-mental health experts. |
| December 23, 2022: | Disclosure of penalty phase non-mental health expert reports pursuant to Fed. R. Crim. P. 16(a)(1)(G) and (b)(1)(C). |
| January 6, 2023: | The parties are directed to confer on the matter of a jury questionnaire and to submit by this date a joint proposed questionnaire, if possible, as well as separate proposals regarding any areas in dispute. |
| January 20, 2023: | 1) Disclosure of expert reports for experts identified in response to the parties" October 18, 2022 disclosure of penalty phase non-mental health expert reports<br><br>2) Challenges to Oct. 28, 2022 expert disclosures, if any. |
| February 3, 2023: | Responses to challenges to penalty phase non-mental health experts |
| February 8-10, 2023: | Hearings re: jury questionnaire and challenges to experts, if necessary |
| April 7, 2023: | 1) The parties are directed to confer on the matter of jury instructions and verdict forms for all phases of the trial and to submit by this date a joint |

|  |  |
|---|---|
|  | proposal regarding any areas of common agreement and separate proposals regarding any areas in dispute. |
|  | 2) Motions in limine regarding both the guilt and sentencing phases of trial |
|  | 3) Government guilt and sentencing phase witness and exhibit lists |
| April 21, 2023: | 1) Responses to jury instruction proposals in dispute |
|  | 2) Responses to motions in limine |
|  | 3) Defense guilt phase witness and exhibit list |
| April 28, 2023: | Defense witness list and list of proposed mitigating factors |
| May 15-19, 2023: | 1) Hearing on jury instructions and verdict form, motions in limine, and any disputes regarding witness lists |
|  | 2) Completion of jury questionnaires |
| June 5, 2023: | Commence voir dire; trial to commence immediately after the conclusion of the jury selection process. |

Respectfully submitted,

ASHLEY C. HOFF
UNITED STATES ATTORNEY

By: _____

IAN MARTINEZ HANNA
Assistant U.S. Attorney
Texas Bar #24057885
700 E. San Antonio, Suite 200
El Paso, Texas 79901
(915) 534-6884

GREGORY E. McDONALD
Assistant U.S. Attorney
Texas Bar #13547300
700 E. San Antonio, Suite 200
El Paso, Texas 79901
(915) 534-6884

MICHAEL S. WARBEL
Trial Attorney, US DOJ Criminal Division
Ohio Bar Number # 0074369
950 Constitution Ave. NW
Washington, DC 20530


KYLE BOYNTON
Trial Attorney, Civil Rights Division
VA Bar # 92123
150 M St. NE
Washington, DC 20530


CERTIFICATE OF SERVICE

I hereby certify that on this 15 day of February, 2022, a copy of the forgoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to counsel of record.

_____
Ian M. Hanna
Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| **Plaintiff,** § | |
| § | **CAUSE NO.: EP-20-CR-00389-DCG** |
| v. § | |
| § | |
| **PATRICK WOOD CRUSIUS,** § | |
| § | |
| **Defendant.** § | |

## ORDER ADOPTING AMENDED PROPOSED SCHEDULING ORDER

On this date came to be considered the United States' Proposed Scheduling Order in the above captioned case.

After considering the United States' Amended Proposal and the status of this case, the Court is of the opinion that the Amended Proposed order should be Adopted.

IT IS THEREFORE ORDERED that the Government's Amended Proposed Scheduling Order be Adopted as the Scheduling Order in this case.

SIGNED this _____ day of _____, 2022.

_____
HONORABLE DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE