**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **EP-20-CR-00389-DCG** |
| | § | |
| **PATRICK WOOD CRUSIUS,** | § | |
| | § | |
| *Defendant.* | § | |

## OPINION AND ORDER SETTING TRIAL DATE

The United States initiated this case on February 6, 2020. That means the case has been pending for 869 days. On July 9, 2020—about five months after opening this case—the United States filed a Superseding Indictment charging Defendant Patrick Wood Crusius with 23 counts of a hate crime resulting in death, 23 counts of the use of a firearm to commit murder during and in relation to a crime of violence, 22 counts of a hate crime involving attempt to kill, and 22 counts of the use of a firearm during and in relation to a crime of violence. ECF Nos. 82 & 83.

The Court has issued ends of justice orders designating this case as complex and tolling Speedy Trial Act provisions. *E.g.*, ECF No. 38. At our last hearing on February 16, 2022, the Government indicated that it might make a decision by June, under 18 U.S.C. § 3593(a), regarding whether it believes a death sentence is justified. The Government has not yet made a decision. The Court is of the opinion that a trial date is now necessary.

In setting a trial date, the Court must strike a balance. On one hand, this case must proceed efficiently, and the Court must consider the public's interest in a speedy trial. On the other hand, we have a criminal justice system that rightfully intends to protect the accused from unjust outcomes by securing both their procedural and substantive rights. Among those rights

are the Fifth Amendment due process right to a fair trial and the Sixth Amendment right to effective assistance of counsel. These rights must be protected, no matter the crime alleged.

The Constitution mandates a fair trial for all criminal defendants. U.S. CONST. amends. V and VI; *Strickland v. Washington*, 466 U.S. 668, 684–85 (1984). Criminal defendants have a right to effective assistance of counsel. *Gideon v. Wainwright*, 372 U.S. 344–45 (1963). Indeed, "the assistance of counsel is often a requisite to the very existence of a fair trial." *Argersinger v. Hamlin*, 407 U.S. 25, 31 (1972) (cleaned up). Denying a criminal defendant effective representation nearly guarantees that the criminal justice system will fail to reach a just result. *See Strickland*, 466 U.S. at 686–87, 691–92.

This case is complex. Though no decision has been announced, the Government may seek capital punishment. Defense counsel needs time to prepare for that possibility. The government "spend[s] vast sums of money" and employs a well-established "machinery to try defendants accused of crime." *Gideon*, 372 U.S. at 344. A criminal defendant must be given a chance to match that. *Strickland*, 466 U.S. at 685. "[T]he inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker v. Wingo*, 407 U.S. 514, 532 (1972). The complexity of this case and seriousness of the allegations leave no doubt that Crusius's defense team bears a heavy burden. *See Wiggins v. Smith*, 539 U.S. 510, 522–25 (2003); *Williams v. Taylor*, 529 U.S. 362, 393–94 (2000). The range and depth of sources needed for a proper defense is immense. *See Rompilla v. Beard*, 545 U.S. 374, 381–83 (2005).

What's more, defense counsel have a sworn duty to investigate exculpatory and mitigating evidence. *See Strickland*, 466 U.S. at 690–91; *Adekeye v. Davis*, 938 F.3d 678, 683 (5th Cir. 2019) (quoting *Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994)). They must thoroughly investigate all aspects of this case, and of Crusius's life, so Crusius and his defense

team can make informed and reasonable decisions about how to proceed. *E.g.*, *Rompilla*, 545 U.S. at 380–81; *Wiggins*, 539 U.S. at 522–25; *ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases* (2003); *ABA Supplementary Guidelines for the Mitigation Function of Defense Teams in Death Penalty Cases* (2008). This will take time. A substantial amount of time. So the period between indictment (or arrest) and trial cannot be so short so as to hinder Crusius's trial preparation. *See, e.g.*, 18 U.S.C. § 3161(c)(2); *United States v. Rojas-Contreras*, 474 U.S. 231 (1985). The trial date the Court selects must take this into account so that Crusius's Fifth and Sixth Amendment rights are preserved.

These rights, however, are subject to countervailing interests. *Cf. Morris v. Slappy*, 461 U.S. 1, 11–12 (1983) ("Only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel." (cleaned up)). The victims' and the public's interests weigh on the other side of the scale. "[S]ociety has a particular interest in bringing swift prosecutions." *Barker*, 407 U.S. at 527; *see also* 18 U.S.C. § 3771(a)(7); *ABA Standards for Criminal Justice: Speedy Trial and Timely Resolution of Criminal Cases*, 3d ed, Standards 12–1.2(b) and 12–3.1 (2006) [hereinafter "*ABA Speedy Trial Standards*"]. "From the commencement of a criminal case to its conclusion, any elapsed time other than reasonably needed for preparation and court events should be minimized." *ABA Speedy Trial Standards*, Standard 12–1.2(b). Said another way, timing depends on the circumstances. *Vermont v. Brillon*, 556 U.S. 81, 89–90 (2009); *Barker*, 407 U.S. 51 at 530–31.

There's a lot of daylight between the timelines the parties petition for. The Government wants trial to begin in June 2023. ECF No. 225. Crusius wants trial to start in March 2025. ECF No. 226.

As stated, it's possible this will be a capital case. To be clear, it is not currently, and may never be. But given the possibility, the Court looks to the timing of previous federal death penalty cases. In the examples the Court has considered, the time between indictment and trial (or plea agreement) ranged from 936 days to 1,441 days, and averaged just under 1,221 days. *See* ECF No. 226 at 3–4. This case has been pending for nearly 70% of the average time. A trial date of January 8, 2024 will allow for 1,432 days between the original indictment and trial.

It's true this case is arguably more complex than the examples considered. And the early days of the COVID-19 pandemic hindered the defense team's investigation.[1] But the defense team is sizable and experienced. Assistance from the Office of the Public Defender for the Middle and Western Districts of Louisiana enhances the team's capacity. Moreover, the defense team has already made significant progress, including providing three mitigation evidence presentations to the Department of Justice. An additional 563 days—or just over a year and a half—will provide Crusius the opportunity to adequately prepare for trial.

That additional time also comports with administrative realities the Court faces. Given the case's impact on the local community, the Court will need to assemble an unusually large jury pool to guarantee that the litigants and the Court can identify enough impartial jurors. This case may require an initial jury pool of more than 1,000 people. This Court identifies potential jurors years in advance. The next jury wheel cycle will begin in October 2023. Setting trial after October 2023 will allow for smooth administration of juror selection. And there are other administrative considerations too. For example, setting a later trial date will give the Court enough time to resolve motions.

---

[1] The Court recognizes that the persistence of the pandemic creates an uncertain future. Should the course of the pandemic change in such a way that further necessitates restrictive measures that hinder the defense team's preparation, the Court may revisit this Order.

The Court is sympathetic to the enormous amount of work this case requires.  It's sympathetic to the gravity of that work.  But the Court must strike a balance.  In setting the trial date, the Court is guided by the paramount principles of fairness and justice.  Those principles require the Court to consider the interests of the victims, the public, and Crusius.  Doing so here, the Court concludes that jury selection should begin on January 8, 2024.  Trial should follow immediately after.

**IT IS ORDERED** that this case is **SET** for **JURY SELECTION AND TRIAL** on **January 8, 2024** in Courtroom Number 812, on the Eighth Floor of the United States Courthouse, 525 Magoffin Avenue, El Paso, Texas.

The "General Order of Discovery" (ECF No. 164) controls in this case unless the Government files a notice of intent to seek the death penalty.  If the Government files a notice of intent, the parties are **ORDERED** to **MEET AND CONFER** and file a **JOINT** proposed scheduling order within fourteen (14) days of the filing of such notice of intent.

**IT IS FURTHER ORDERED** that the time period between the date of entry of this Order and trial on January 8, 2024 **SHALL BE EXCLUDED** under the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*  Specifically, the Court finds that the interests of justice outweigh the interest of Defendant Patrick Wood Crusius and the pubic in a speedy trial, in that Defendant needs time to prepare for his defense in this case.

**So ORDERED and SIGNED this 24th day of June 2022.**

DAVID C. GUADERRAMA
**UNITED STATES DISTRICT JUDGE**