

# United States Department of Justice

United States Attorney's Office
Western District of Texas - El Paso Division

*IAN MARTINEZ HANNA*
*ASSISTANT UNITED STATES ATTORNEY*

*700 E. San Antonio Ave, Suite 200*
*El Paso, Texas 79901*

*Phone: (915) 534-6884*
*Ian.Hanna@usdoj.gov*

February 21, 2020

## VIA HAND-DELIVERY

David A. Lane
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
The Odd Fellows Hall
Denver, CO 80202

Rebecca L. Hudsmith
Office of the Federal Public Defender for the
Western and Middle Districts of Louisiana
102 Versailles Boulevard, Suite 816
Lafayette, LA 70501

Louis E. Lopez, Jr.
Attorney at Law
416 N. Stanton Fourth Floor, Suite 400
El Paso, Texas 79901

> RE:  United States v. Patrick Wood Crusius
> Case Number EP-20-CR-00389-DCG-1
> **UNDER PROTECTIVE ORDER (ECF DOC. 39)**

Dear Mr. Lane, Ms. Hudsmith, and Mr. Lopez:

Pursuant to our discussions and your request for discovery, please find material bates stamped PWC_00000001 through PWC_00012545 located on the secure hard drive accompanying this letter; it consists of the following files and sub-files:





The United States Attorney's Office (USAO) – El Paso Division is electing to produce discovery beyond what is required under the circumstances of the case but is not committing to any discovery production beyond the discovery obligations set forth in Fed.R.Crim.16. Pursuant to Rule 16(b). The Government requests reciprocal discovery.

In addition, material provided to the USAO by the state prosecution is also being produced to you on this date on the same accompanying hard drive; it consists of the following files:



Attached to this letter are spreadsheets detailing the contents of the state production labeled as "Attachment 1" and "Attachment 2."

**In addition to the hard drive, a cipher key will be provided under separate cover to access the hard drive. Please safeguard the key, as the hard drive is inoperable without it.**

As you review the discovery, you will note that some photocopies of actual DVDs/CDs were scanned and bates stamped. The production may also contain an image of a slip sheet noting to refer to the native file. In these instances, refer to the corresponding bates numbers located in the native folders contained in this production.

In order to open the four video clip attachments identified as bates stamped PWC_00002874 through PWC_00002877 ▮▮▮▮▮▮▮ ▮▮▮▮▮) you must first install CODEC which is available on the DVD provided in bates PWC_00012533.

Please note that a Walmart surveillance video of the week after August 3, 2019 is in existence. Neither the FBI nor the USAO have a copy of this video; you may contact Walmart if you wish to obtain it.

After you have downloaded this discovery production to your device, please return the hard drive, without the cipher key, to the USAO. The hard drive will be reformatted, all data deleted, and a virus scan performed before new discovery is uploaded and sent to you.

The point of contact for questions regarding accessing the discovery provided is AUSA Patricia J. Acosta; she may be reached at (915) 534-3404. If you wish to obtain the native file of any of the items produced, contact AUSA Acosta; they have been preserved.

A copy of the Protective Order (ECF Doc. 39) is attached for your convenience. In addition, enclosed please find a copy of the "Acknowledgement of Protective Order" to be executed in accordance with the court's order.

Sincerely,

JOHN F. BASH
UNITED STATES ATTORNEY

By
Ian Martinez Hanna
Assistant U.S. Attorney

Received by: THANIA SIERRA          Date: 02/21/2020

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CRIMINAL NO. EP-20-CR-0389-DCG** |
| **v.** | § | |
| | § | |
| PATRICK WOOD CRUSIUS, | § | |
| | § | |
| **Defendant.** | § | |

## Acknowledgement of Protective Order

I certify that I have been notified of the existence and terms of the document entitled "Protective Order Governing Discovery" in the above titled and numbered case. I further certify that I understand the terms placed on the discovery in this case as detailed in the Protective Order.

Signed this _____ day of _____, 20____.

_____
Signature

_____
Printed Name

_____
Employer

_____
Employment Title

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CRIMINAL NO. EP-20-CR-0389-DCG |
| v. | § | |
| | § | |
| PATRICK WOOD CRUSIUS, | § | |
| | § | |
| Defendant. | § | |

## PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the motion of the Government, and for good cause shown, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. This Protective Order governs all discovery material in any format (written or electronic) that is produced by the Government in discovery in the above captioned case.

2. Discovery in this case is voluminous and many of these materials and documents include personally identifiable information (PII) such as Social Security numbers, dates of birth, addresses, financial account numbers, and other personal identifiers. Included in the discovery are crime scene photos, as well as law enforcement sensitive materials.

3. Disclosure of discovery material will be restricted to the state prosecution team, the federal defense team and the state defense team ("authorized persons") with the limited exceptions discussed below. "State prosecution team" shall be limited to employees of the 34th Judicial District, District Attorney's Office and any experts retained by same. "Defense team" shall be limited to criminal attorneys of record for the Defendant and any of the following people working on this matter under the supervision of the criminal attorneys of record: attorneys, investigators, paralegals, law clerks, testifying and consulting experts, and legal assistants. For purposes of this

Order, "defense team" does not include the Defendant. Members of the defense team shall not disclose discovery materials or their contents, directly or indirectly, to any persons outside of the defense team, except as specifically set forth below.

4.   The state prosecution team shall inform any one of the state criminal defense attorneys of record to whom disclosure of discovery material obtained from the United States Attorney's Office – El Paso Division is made of the existence and terms of this Protective Order and obtain a signed acknowledgement.

5.   Defendant's attorneys shall inform any member of the defense team to whom disclosure of discovery material is made of the existence and terms of this Protective Order and obtain a signed acknowledgment by the defense team member.

6.   Defendant's attorneys shall not disclose the state discovery to a third party unless this court, having considered the privacy and security interests of victims and witnesses, determines that there is good cause for the disclosure. If this court grants disclosure of the state discovery, the defense team shall redact personally identifiable information (PII) before sharing the state discovery with the Defendant or a witness.

7.   Members of the defense team shall retain custody of all copies of the discovery material, except as discussed below with regard to Defendant review.  Members of the defense team shall use discovery material only for the purpose of preparing a defense to the charges in this action.  Members of the defense team may review the discovery material with Defendant and witnesses for purposes of trial preparation, provided that witnesses may review the material only in the presence of a member of the defense team and may not take notes regarding the content of the discovery material.  These restrictions, however, do not apply to expert witnesses who may need to independently review and retain some discovery in order to do their jobs.  In the event that

an expert witness needs to retain discovery documents as part of his or her preparation, said expert must sign a confidentiality agreement making them subject to the authority of this Court if they violate it. At the conclusion of their expert role in the case, all such material must be returned to defense counsel.

8.  Defense counsel may provide discovery to Defendant, subject to the following conditions:

   a) Defendant shall use discovery material only for the purpose of assisting the defense team with preparing a defense to the charges in this action;

   b) Defendant may not provide copies of the discovery material to any third parties and may only review the discovery material either alone or in the presence of the defense team;

   c) Defendant shall only be permitted to review his copy of the discovery material in the courthouse itself, or facilities approved by the detention center detained at for this purpose, on detention center-approved computers, or in hard copies maintained by the detention center staff while not in use by the Defendant; and

   d) Defendant shall not be permitted to maintain a copy of the discovery material, or any notes made while reviewing that material, in his cell.

9.  To the extent any material is produced by the Government to Defendant or Defendant's counsel by mistake, the Government shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, the defense team shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

10. Any discovery material that the defense team files with the Court in connection with pre-trial motions, trial, or other matters before the Court, shall be filed under seal and shall remain sealed until otherwise ordered by the Court.

11. This Protective Order may be modified, as necessary, by filing with the Court a Stipulated Order Modifying the Protective Order or by order of the Court after service of the defense motion upon the Government and hearing with the court. After obtaining a modified order from the Court, any discovery material the defense team files with any Court or tribunal in connection with post-conviction matters, or any matters before any Court or tribunal, shall be filed under seal and shall remain sealed until otherwise ordered by the Court.

Signed this __14th__ day of February, 2020.

HONORABLE DAVID GUADERRAMA
UNITED STATES DISTRICT COURT JUDGE



# HAND DELIVERY SLIP

**DATE:** October 3, 2019

**FROM:** **Rebecca Tarango**
Assistant District Attorney

**TO:** **United States Attorney's Office**

**SUBJECT:** Crusius, Patrick
20190D04878
EPPD 19-215079

**ITEMS:** 1 hard drive (Provided by District Attorney's Office. Bar Code No. 183337)
Bates stamped: 000001-012989































Notes:

- Officers may continue to create additional supplements or reports during the pendency of the case. While we will attempt to provide hardcopies, please refer to the District Attorney Portal for the most up-to-date reports.

- Pursuant to article 39.14(f) of the Code of Criminal Procedure, you or your agent "may allow a defendant, witness, or prospective witness to view the information provided under this article, but may not allow that person to have copies of the information provided, other than a copy of the witness's own statement."

- Additionally, statements and records provided have not been redacted. Before allowing any person to view the statement or records of another, you or your agent "shall redact the address, telephone number, driver's license number, social security number, date of birth, and any bank account or other identifying numbers contained in the document or witness statement." Art. 39.14(f).

- Numerous grand jury requests are in the file and are not made a part of this discovery, you are free to review the file boxes at your convenience.

IF THERE ARE ANY PROBLEMS WITH THE DISK PLEASE CONTACT US AS SOON AS POSSIBLE – Rebecca Tarango
(546-2059, EXT. 3340)


**RECEIVED BY:** _____


**DATE:** _____      **TIME:** _____



# **HAND DELIVERY SLIP**

**DATE:** January 30, 2020

**FROM:** **Rebecca Tarango**
Assistant District Attorney

**TO:** **United States Attorney's Office**

**SUBJECT:** Crusius, Patrick
20190D04878
EPPD 19-215079

**ITEMS:** 1 hard drive provided by District Attorney's Office. (Serial No. WXH1A59LZH6N)



Attachment

2









Notes:

- Officers may continue to create additional supplements or reports during the pendency of the case. While we will attempt to provide hardcopies, please refer to the District Attorney Portal for the most up-to-date reports.

- Pursuant to article 39.14(f) of the Code of Criminal Procedure, you or your agent "may allow a defendant, witness, or prospective witness to view the information provided under this article, but may not allow that person to have copies of the information provided, other than a copy of the witness's own statement."

- Additionally, statements and records provided have not been redacted. Before allowing any person to view the statement or records of another, you or your agent "shall redact the address, telephone number, driver's license number, social security number, date of birth, and any bank account or other identifying numbers contained in the document or witness statement." Art. 39.14(f).

IF THERE ARE ANY PROBLEMS WITH THE DISK PLEASE CONTACT US AS SOON AS POSSIBLE – Rebecca Tarango
(546-2059, EXT. 3340)

**RECEIVED BY:** _____

**DATE:** _____        **TIME:** _____