

**United States Department of Justice**
United States Attorney's Office
Western District of Texas - El Paso Division

---

IAN MARTINEZ HANNA
ASSISTANT UNITED STATES ATTORNEY

700 E. San Antonio Ave, Suite 200
El Paso, Texas 79901

Phone: (915) 534-6884
Ian.Hanna@usdoj.gov

April 15, 2020

**VIA HAND-DELIVERY**

David A. Lane
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
The Odd Fellows Hall
Denver, CO 80202

Rebecca L. Hudsmith
Federal Public Defender Office,
Western and Middle Districts of Louisiana
102 Versailles Boulevard, Suite 816
Lafayette, LA 70501

Louis E. Lopez, Jr.
Attorney at Law
416 N. Stanton Fourth Floor, Suite 400
El Paso, Texas  79901

Cori Ann Harbour-Valdez
The Harbour Law Firm, P.C.
1522 Montana Ave, 3rd Floor
El Paso, TX 79902

Jane Fisher-Byrialsen
Law Firm of Fisher & Byrialsen
4600 S. Syracuse Street, 9th Floor
Denver, CO 80237

Kathleen McGuire
The McGuire Law Office, LLC
PO Box 2008
Littleton, CO 80161

RE: United States v. Patrick Wood Crusius
Case Number EP-20-CR-00389-DCG-1
**UNDER PROTECTIVE ORDER (ECF DOC. 39)**

Dear Mr. Lane, Ms. Hudsmith, Mr. Lopez, Ms. Harbour, Ms. Fisher & Ms. McGuire:

Pursuant to our discussions and your request for discovery, please find material bates stamped ████████████████ located on the secure thumb drive accompanying this letter; the password will be sent via email. An index of the contents of this production is also included; it is labeled "Production Spreadsheet". The thumb drive consists of the following files and sub-files:

| Name | Date modified | Type |
|---|---|---|
| ███████ | ███████ | ███████ |

| Name | Date modified | Type |
|---|---|---|
| ███████ | ███████ | ███████ |

| Name | Date modified | Type |
|---|---|---|
| ███████ | ███████ | ███████ |

| Name | Date modified | Type |
|---|---|---|
| ███████ | ███████ | ███████ |

Please note that the file labeled ████████████████ contained in the return from ████████████████ is not readable. When the USAO receives a readable copy, it will be provided as additional discovery.

In addition to the hard drive personally delivered to your team on February 21, 2020, an additional hard drive is enclosed with this discovery production. As with the first hard drive, a cipher key will be provided under separate cover to access the hard drive. **Please safeguard the key, as the hard drive is inoperable without it.** The hard drive produced today contains the

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ There are specific instructions to access the contents of this hard drive:

- Before powering on the hard drive, plug in the power adapter, the USB cable, and the cipher key;
- Plug the other end of the USB cable to the computer or workstation;
- Power on the hard drive (on the back of the device there is a power button);
- You should see the contents mount with ▇▇▇▇▇▇▇▇▇ volume name;
- The contents contain L01 files that will require proprietary software to view, open, and/or process. The latest version of Encase should suffice. A purchased license is required.

The United States Attorney's Office (USAO) – El Paso Division is electing to produce discovery beyond what is required under the circumstances of the case but is not committing to any discovery production beyond the discovery obligations set forth in Fed.R.Crim.16. Pursuant to Rule 16(b). The Government requests reciprocal discovery.

In addition, material provided to the USAO by the state prosecution is also being produced to you on this date on the same accompanying thumb drive. It is contained in the ▇▇▇▇▇▇ ▇▇▇▇▇▇▇ folder and consists of the following files:



Please note that some of the native files are MP4 files which may not open. If this occurs, right click on the file and select "open with" and use the VLC Media player to play the file. If you do not have VLC software, it is free and easily downloadable at: https://www.videolan.org/vlc/.

As you review the discovery, you will note that some photocopies of actual DVDs/CDs were scanned and bates stamped. The production may also contain an image of a slip sheet noting to refer to the native file. In these instances, refer to the corresponding bates numbers located in the native folders contained in this production.

The point of contact for questions regarding accessing the discovery provided is AUSA Patricia J. Acosta; she may be reached at (915) 534-3404. If you wish to obtain the native file of any of the items produced, contact AUSA Acosta; they have been preserved.

A copy of the Protective Order (ECF Doc. 39) is attached for your convenience. In addition, enclosed please find a copy of the "Acknowledgement of Protective Order" to be executed in accordance with the court's order.

Sincerely,

JOHN F. BASH
UNITED STATES ATTORNEY

By: _____
Ian Martinez Hanna
Assistant U.S. Attorney


Received By: Raquel R.           Date: 4/15/2020

Print name: Raquel Rodriguez

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | CRIMINAL NO. EP-20-CR-0389-DCG |
| v. | § § | |
| PATRICK WOOD CRUSIUS, | § § § | |
| Defendant. | § | |

## PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the motion of the Government, and for good cause shown, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. This Protective Order governs all discovery material in any format (written or electronic) that is produced by the Government in discovery in the above captioned case.

2. Discovery in this case is voluminous and many of these materials and documents include personally identifiable information (PII) such as Social Security numbers, dates of birth, addresses, financial account numbers, and other personal identifiers. Included in the discovery are crime scene photos, as well as law enforcement sensitive materials.

3. Disclosure of discovery material will be restricted to the state prosecution team, the federal defense team and the state defense team ("authorized persons") with the limited exceptions discussed below. "State prosecution team" shall be limited to employees of the 34th Judicial District, District Attorney's Office and any experts retained by same. "Defense team" shall be limited to criminal attorneys of record for the Defendant and any of the following people working on this matter under the supervision of the criminal attorneys of record: attorneys, investigators, paralegals, law clerks, testifying and consulting experts, and legal assistants. For purposes of this

Order, "defense team" does not include the Defendant. Members of the defense team shall not disclose discovery materials or their contents, directly or indirectly, to any persons outside of the defense team, except as specifically set forth below.

4. The state prosecution team shall inform any one of the state criminal defense attorneys of record to whom disclosure of discovery material obtained from the United States Attorney's Office – El Paso Division is made of the existence and terms of this Protective Order and obtain a signed acknowledgement.

5. Defendant's attorneys shall inform any member of the defense team to whom disclosure of discovery material is made of the existence and terms of this Protective Order and obtain a signed acknowledgment by the defense team member.

6. Defendant's attorneys shall not disclose the state discovery to a third party unless this court, having considered the privacy and security interests of victims and witnesses, determines that there is good cause for the disclosure. If this court grants disclosure of the state discovery, the defense team shall redact personally identifiable information (PII) before sharing the state discovery with the Defendant or a witness.

7. Members of the defense team shall retain custody of all copies of the discovery material, except as discussed below with regard to Defendant review. Members of the defense team shall use discovery material only for the purpose of preparing a defense to the charges in this action. Members of the defense team may review the discovery material with Defendant and witnesses for purposes of trial preparation, provided that witnesses may review the material only in the presence of a member of the defense team and may not take notes regarding the content of the discovery material. These restrictions, however, do not apply to expert witnesses who may need to independently review and retain some discovery in order to do their jobs. In the event that

an expert witness needs to retain discovery documents as part of his or her preparation, said expert must sign a confidentiality agreement making them subject to the authority of this Court if they violate it. At the conclusion of their expert role in the case, all such material must be returned to defense counsel.

    8. Defense counsel may provide discovery to Defendant, subject to the following conditions:

    a) Defendant shall use discovery material only for the purpose of assisting the defense team with preparing a defense to the charges in this action;

    b) Defendant may not provide copies of the discovery material to any third parties and may only review the discovery material either alone or in the presence of the defense team;

    c) Defendant shall only be permitted to review his copy of the discovery material in the courthouse itself, or facilities approved by the detention center detained at for this purpose, on detention center-approved computers, or in hard copies maintained by the detention center staff while not in use by the Defendant; and

    d) Defendant shall not be permitted to maintain a copy of the discovery material, or any notes made while reviewing that material, in his cell.

    9. To the extent any material is produced by the Government to Defendant or Defendant's counsel by mistake, the Government shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, the defense team shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

    10. Any discovery material that the defense team files with the Court in connection with pre-trial motions, trial, or other matters before the Court, shall be filed under seal and shall remain sealed until otherwise ordered by the Court.

Case 3:20-cr-00389-DCG   Document 308-3   Filed 11/02/23   Page 8 of 12
Case 3:20-cr-00389-DCG   Document 39   Filed 02/14/20   Page 4 of 4
Case 3:20-cr-00389-DCG   Document 26   Filed 02/12/20   Page 11 of 12

11. This Protective Order may be modified, as necessary, by filing with the Court a Stipulated Order Modifying the Protective Order or by order of the Court after service of the defense motion upon the Government and hearing with the court. After obtaining a modified order from the Court, any discovery material the defense team files with any Court or tribunal in connection with post-conviction matters, or any matters before any Court or tribunal, shall be filed under seal and shall remain sealed until otherwise ordered by the Court.

Signed this __14th__ day of February, 2020.

HONORABLE DAVID GUADERRAMA
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CRIMINAL NO. EP-20-CR-0389-DCG |
| v. | § | |
| | § | |
| PATRICK WOOD CRUSIUS, | § | |
| | § | |
| Defendant. | § | |

### Acknowledgement of Protective Order

I certify that I have been notified of the existence and terms of the document entitled "Protective Order Governing Discovery" in the above titled and numbered case. I further certify that I understand the terms placed on the discovery in this case as detailed in the Protective Order.

Signed this _____ day of _____, 20____.

_____
Signature

_____
Printed Name

_____
Employer

_____
Employment Title



Addonics Sapphire Cipher II Hard Drive
Product ID: SSN6G-256U31
S/N: 9796110570



**United States Department of Justice**
United States Attorney's Office
Western District of Texas - El Paso Division

---

IAN MARTINEZ HANNA
ASSISTANT UNITED STATES ATTORNEY

700 E. San Antonio Ave, Suite 200
El Paso, Texas 79901

Phone: (915) 534-6884
Ian.Hanna@usdoj.gov

April 15, 2020

**VIA HAND-DELIVERY**

David A. Lane
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
The Odd Fellows Hall
Denver, CO 80202

Rebecca L. Hudsmith
Federal Public Defender Office,
Western and Middle Districts of Louisiana
102 Versailles Boulevard, Suite 816
Lafayette, LA 70501

Louis E. Lopez, Jr.
Attorney at Law
416 N. Stanton Fourth Floor, Suite 400
El Paso, Texas  79901

Cori Ann Harbour-Valdez
The Harbour Law Firm, P.C.
1522 Montana Ave, 3rd Floor
El Paso, TX 79902

Jane Fisher-Byrialsen
Law Firm of Fisher & Byrialsen
4600 S. Syracuse Street, 9th Floor
Denver, CO 80237

Kathleen McGuire
The McGuire Law Office, LLC
PO Box 2008
Littleton, CO 80161

RE:  United States v. Patrick Wood Crusius
     Case Number EP-20-CR-00389-DCG-1

Dear Mr. Lane, Ms. Hudsmith, Mr. Lopez, Ms. Harbour, Ms. Fisher & Ms. McGuire:

Please find the cipher key discussed in our previous communication.

Sincerely,

JOHN F. BASH
UNITED STATES ATTORNEY

By: _____
Ian Martinez Hanna
Assistant U.S. Attorney

Received By: _Raquel R_____   Date: 4/15/2020

Print name: _Raquel Rodriguez_____