UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| *Plaintiff,* § | |
| § | EP-20-CR-00389-DCG |
| v. § | |
| § | |
| PATRICK WOOD CRUSIUS, § | |
| § | |
| *Defendant.* § | |

**LIST OF SEALED DOCUMENTS ON THIS DOCKET TO WHICH
DEFENSE COUNSEL HAVE NO OBJECTION TO UNSEALING**

NOW INTO COURT, through undersigned counsel, comes PATRICK WOOD CRUSIUS, who, pursuant to this Court's Order of July 17, 2025, ECF No. 329, after reviewing the sealed documents on this docket, hereby provides a list of those sealed documents to which Defense Counsel have no objection to unsealing.

**Relevant Case and Attorney Procedural History**

On February 6, 2020, the federal government filed a 90-count indictment against Defendant charging him with death penalty-eligible crimes as the result of the mass shooting on August 3, 2019, at a Walmart located in El Paso, Texas. ECF No. 1. On July 9, 2020, a 90-count superseding indictment issued against Defendant, again charging him with death penalty-eligible federal crimes. ECF No. 82. On January 17, 2023, the federal government filed a notice that it would not seek the death penalty in this case. ECF No. 254. On February 8, 2023, Defendant was rearraigned pursuant to a plea agreement whereby he pled guilty to all 90 counts of the indictment. ECF Nos. 259-261. An Amended Judgment in a Criminal Case was entered on October 5, 2023, reflecting

1

the 90 consecutive life sentences imposed by this Court on July 7, 2023, as well as restitution to the victims in the amount of $6,238,845.55.  ECF No. 306.

Private counsel originally appointed by this Court to represent Defendant in federal court following the issuance of the February 2020 indictment against him were: David A. Lane, Cori Ann Harbour-Valdez, Jane Fisher-Bryialsen, Kathleen McGuire, and Louis E. Lopez, Jr., along with Federal Public Defender Rebecca L. Hudsmith.  By September of 2020, after approximately seven months, the five appointed private counsel ceased to represent Defendant.

Thereafter, the following private counsel were appointed by this Court to represent Defendant in federal court: Joe A. Spencer, Jr., Mark Stevens, and Felix Valenzuela, along with Ms. Hudsmith. The newly appointed private counsel, along with Ms. Hudsmith, continued to represent Defendant in federal court for approximately 3 years, from September of 2020 through his guilty pleas and sentencing, which was finalized by October 5, 2023.

**Relevant Sealed Documents Procedural History**

On November 2, 2023, the United States filed a Motion to Unseal certain documents in this case. ECF No. 308.  On November 10, 2023, Defendant filed an Objection to the Public Disclosure of Attorney and Expert Service Provider Payments and Related Documentation.  ECF No. 309. On November 14, 2023, Defendant filed an Objection to Public Disclosure of Sealed, *Ex Parte* Pleadings and Related Matters Concerning Appointed Counsel.  ECF No. 310.

On November 21, 2023, El Paso Matters, a non-party, filed a Motion for Leave to File Motion to Intervene and Unseal Judicial Records.  ECF No. 311 (motion for leave); ECF No. 311-2 (motion to intervene and unseal). According to its motion to intervene, El Paso Matters supported the motion of the federal government, ECF No. 308, to unseal the following sealed documents: ECF Nos. 73, 233, 234, 235, 246, 247, 248, 249 1, 2, 3 and sealed attachments 1-4 to ECF Nos.

72 and 73. ECF No. 311-2, p. 1. El Paso Matters also sought "to unseal all other sealed judicial records in this case," including specifically: ECF Nos. 118, 118-1, 118-2, 118-3, 127-28, 168, 170, 184, 244, 244-1, 245, 250, 250-1, 251, 253, 260, 266-1, 266-2, 267-71, and 282 (hereinafter "Sealed Records"). ECF No. 311-2, pp. 1-2. According to El Paso Matters, "the Sealed Records in this case should be unsealed in their entirety or with, at most, only limited redactions necessitated by a compelling interest." ECF No. 311-2, p. 2. In addition, El Paso Matters sought the unsealing of Sealed Records that include what it has described as sentencing documents (ECF Nos. 260, 266-1, 266-2 and 268); legal briefs (ECF Nos. 118, 118-1, 118-2, 118-3, 127, 168, 244, 244-1, 245, 250, 250-1, and 270); court orders (ECF Nos. 128, 170, 184, 251, 253, 267, 269, 271, and 282); and any missing docket entries and their underlying records (ECF Nos. 2, 8-10, 14-16, 25, 29-35, 43-49, 51-53, 56-59, 61-64, 67-69, 75-78, 83, 97-117, 119-25, 129-46, 149-51, 153-55, 162, 167, 169, 171, 174-79, 189-94, 229-32, 262-65, and 283). ECF No. 311-2, p. 6 and footnotes 3, 4, 5 and 6.

On February 23, 2024, this Court issued an Order Requiring Response Brief, ordering Defendant to respond to the federal government motion to unseal and further ordering Defendant and the United States to respond to El Paso Matters' motions by March 8, 2024. ECF No. 313.

On March 8, 2024, Defendant filed Defendant's Reply in Opposition to the Motion to Intervene and to Unseal Judicial Records Filed by El Paso Matters and to the Motion to Unseal Filed by the Government. ECF No. 314. Defendant acknowledged that courts have allowed news media to intervene in criminal matters for the limited purpose of challenging restrictions on access to court records and proceedings. ECF No. 314, p. 3. Defendant also continued to oppose the unsealing of sealed pleadings in this matter.

On April 25, 2025, this Court issued an Order Setting Status Conference for May 1, 2025. ECF No. 320. This Court indicated that, since the "Defendant has pleaded guilty and been sentenced in the related state court case, there no longer appears to be any risk that unsealing docket entries in this *federal* case would interfere with an ongoing prosecution." ECF No. 320, p. 2. Following the status conference, on June 26, 2025, this Court issued an Order that Defendant give notice of the disclosure of the total amounts paid to each Court-appointed private attorney who represented Defendant in this federal criminal prosecution. ECF No. 322. On July 7, 2025, Defendant filed a Notice of Disclosure of Total Payments to Each Court-Appointed Private Attorney for Defendant Per This Court's Order, listing the total payments made to each court-appointed private attorney. ECF No. 325, pp. 4-5.

On June 30, 2025, following the Court's Order Granting Motion for Leave to File, ECF No. 323, the El Paso Matters Motion to Intervene and to Unseal Judicial Records was filed and docketed as ECF No. 324. On July 10, 2025, this Court issued an Order Granting Motion to Intervene and Reserving Ruling on Motion to Unseal, allowing El Paso Matters to intervene. ECF No. 326. On July 17, 2025, this Court issued an Order that Defense Counsel review each of the sealed documents on the docket and file a list of all docket entries that Defense Counsel have no objection to unsealing and do so by September 15, 2025. ECF No. 329, pp. 3 and 5.

**List Of Docket Entries That Defense Counsel have No Objection To Unsealing**

In its Order of July 17, 2025, the Court identified "at least some information that is already available elsewhere on the Internet, and thus cannot remain under seal" and documents "which do not appear to contain any particularly sensitive information." ECF No. 329, p. 4. Defense Counsel agree with the Court and, thus, do not oppose the unsealing of the following docket entries: ECF No. 260, at 7-10 (Sealed Addendum Plea Agreement); ECF Nos. 14, 25, 29-35, 45-46, 51-53, 57,

63, 75, 98, 102, 109, 113, 120, 124, 132, 138, 141, 149, 154, 169-170, 175, 184, 189-191, 192-194, 202-203, 209-212, 230.

With respect to the Government's Motion to Unseal, ECF 308, p. 3, Defense Counsel do not oppose the unsealing of the following docket entries: ECF Nos. 73, 233, 234, 235, 246, 247, 248, 249, and redacted copies of attachments 1, 2, 3 and 4 to ECF Nos. 72 and 73.

According to the Motion to Intervene and to Unseal filed by El Paso Matters, while intervenor seeks the unsealing of all "judicial records," it specifically requests the unsealing of certain sealed documents by docket number. ECF No. 324, p. 2. Defense counsel do not oppose the unsealing of the following docket entries specified by El Paso Matters: ECF Nos. 244, 244-1, 245, 250, 250-1, 251, 253, and 282.

Beyond the docket entries listed above that can be unsealed without redaction, Defense Counsel notes that there are additional sealed documents that Defense Counsel may have no objection to unsealing, provided significant redactions are made prior to the unsealing. Addressing these documents next, including the justifications for the proposed redactions, may further narrow the documents and issues that remain.

WHEREFORE, Defendant PATRICK WOOD CRUSIUS, through undersigned counsel, respectfully prays that this Court deem that this notice satisfies this Court's Order to review each of the sealed documents on the docket and file a list of docket entries that Defense Counsel have no objection to unsealing.

    Respectfully submitted,

    JOE A. SPENCER
    1009 Montana
    El Paso, Texas 79902
    (915) 532-5562
    joe@joespencerlaw.com
    State Bar of Texas No. 18921800

/s/ Rebecca L. Hudsmith
REBECCA L. HUDSMITH
LA Bar No. 7052
Office of the Federal Public Defender for the
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
(337) 262-6336
Rebecca_hudsmith@fd.org

MARK STEVENS
310 S. St. Mary's Street
Tower Life Building, Suite 1920
San Antonio, TX 78205
(210) 226-1433
State Bar No. 1918420
mark@markstevenslaw.com

FELIX VALENZUELA
701 Magoffin Avenue
El Paso, Texas 79901
(915) 209-2719
State Bar No. 24076745
felix@valenzuela-law.com

*Attorneys for Patrick Crusius*

### CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on this 15th day of September, 2025, a true and correct copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF System through which all parties entitled to service and notice will be served.

/s/Rebecca L. Hudsmith